## STATE MUT. FIRE INS. CO. v. CATHEY et al.

(Court of Civil Appeals of Texas. Austin. Feb. 15, 1913.)

1. INSURANCE (§ 669*)—FIRE INSURANCE—ACTIONS—INSTRUCTIONS.

In an action on a $350 fire policy, stipulating that insurer should not be liable for more than three-fourths of the value of the property destroyed, an instruction that the measure of damages was the value of the property destroyed and not exceeding $350 was erroneous as allowing a recovery of $350, though in excess of three-fourths of the value.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Déc. Dig. § 669.*]

2. APPEAL AND ERROR (§ 1064*) — INSTRUCTIONS—PREJUDICE.

Where, in an action on a $350 fire policy stipulating that insurer should not be liable for more than three-fourths of the value of the property destroyed, the jury was not required to accept the testimony of insured fixing the value of the property at over $589, the error in a charge that the measure of damages was the value of the property not exceeding $350 was not harmless, since the jury finding that the

property was worth only $350, as they could under the evidence, might allow insured that amount.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

3. INSURANCE (§ 660*) — FIRE INSURANCE — VALUE OF PROPERTY.

Ordinarily the market value of the property destroyed by fire is the correct measure of the liability of insurer thereof; and it is not permissible to prove extrinsic value without first showing that the property had no market value.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1695; Dec. Dig. § 660.*]

4. APPEAL AND ERROR (§ 764*)—COSTS (§ 258*) —BRIEFS — NONCOMPLIANCE WITH RULES— EFFECT.

Where the copies of appellant's brief were in typewriting single spaced, and with the exception of one copy so blurred as to make it very difficult to read portions thereof, but appellee did not complain of a noncompliance with the rules of the court, the court on its own motion would direct the clerk to prepare copies of the brief for its use, and tax the costs thereof against appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3099; Dec. Dig. § 764;* Costs, Cent. Dig. §§ 978–982; Dec. Dig. § 258.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by Cora Cathey and others against the State Mutual Fire Insurance Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Arch Grinnan, of Brownwood, for appellant. E. C. Harrell, of Brownwood, for appellees.

KEY, C. J. Appellees brought this suit against appellant, seeking to recover upon a fire insurance policy for the sum of $350. The property insured was household furniture, wearing apparel, etc. It was stipulated in the policy that, in the event of loss, the insurance company would be liable for not more than three-fourths of the value of the property so destroyed. The defendant's answer presented several defenses, the particulars of which need not be here stated. There was a jury trial which resulted in a verdict and judgment for the plaintiffs for $350, with interest thereon from the date of the fire, and the defendant has appealed.

[1, 2] The trial court instructed the jury, in effect, that the measure of damages would be the value of the property destroyed by fire, not exceeding the sum of $350, with legal interest thereon, and appellant assigns error upon that portion of the charge for the reason that, by the terms of the policy, its liability was limited, not only by the amount of $350 specified in the policy, but by the further stipulation that it was only to be liable for three-fourths of the value of the property. This contention is correct, because under the charge complained of, if the jury reached the conclusion that the property was worth only $350, then they must have felt bound by the court's charge to allow the plaintiff that sum, although it was in excess of three-fourths of the value of the property. Counsel for appellee makes the contention that, if the charge was erroneous in the particular referred to, such error was harmless, because the undisputed testimony showed that $350 was less than three-fourths of the value of the property. Under the assignment complaining of that charge counsel for appellant has set out what purports to be a full statement of all the testimony bearing upon the value of the property, showing a total of $425.50, three-fourths of which would be $318.37½. Counsel for appellees does not controvert the correctness of that statement, otherwise than by his claim that, in stating the nature and result of the suit, counsel for appellant has admitted that the value of the property was $500, and by referring to the fololwing testimony given by the plaintiff J. M. Cathey, who, being recalled, said: "I added these amounts up after they were put on that list with the typewriter. The total of those amounted to $589.65." This witness had previously testified, and had stated the items with their values as set out in appellant's brief; and it does not appear, otherwise than by inference, that he was speaking of those items when he said that he had added up the amounts on a list which seems to have been there in court, and which he stated amounted to a total of $589.65. But, even if he referred to the several items about which he had testified, his statement as to having added them up and found the total to be a certain amount was of no importance, if, in fact, the several items taken together did not constitute that amount. Furthermore, the only testimony given in reference to the value of the property was given by the two plaintiffs themselves, who were interested witnesses, and the jury was not bound to accept all they said with reference to the value of the property. In other words, it was secondhand stuff, and if they had estimated its value at $600, and the jury had made a specific finding that it was only worth $350, such finding would not have been set aside as contrary to the testimony. Hence we hold that the evidence does not render the error in the charge harmless. As to the statement in appellant's brief invoked by appellees as an admission that the property was worth $500, we deem it only necessary to say that we understand the statement referred to as part of the statement of the nature of the suit as presented by the pleadings, and we do not understand that it was intended as an admission that the property was in fact of the value of $500.

[3] We also sustain appellant's third assignment, which complains of the action of the trial court in permitting the plaintiff

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Cora Cathey to testify, over appellant's objection, to the intrinsic value of certain items of property destroyed by the fire. Ordinarily the market value of the property is the correct measure of damages, and therefore it is not permissible to prove the intrinsic value, unless it be first shown that it had no market value. As to some of the items pointed out in appellant's statement under the third assignment, it was not shown that there was no market value; and therefore Mrs. Cathey should not have been permitted to testify as to the intrinsic value of such articles.

[4] The other assignments of error have been duly considered and they are overruled. However, there is one subject which we deem it proper to mention in this opinion. As required by the rules, appellant's counsel filed in this court four copies of his brief, which were made upon a typewriter. Appellees made no motion to strike out appellant's brief, and in their brief they make no complaint in that regard. After the case was submitted, and this court took it up for consideration, it was discovered that appellant's briefs did not comply with the rule which requires briefs to be printed or written in a legible hand. The briefs in question are single spaced, and, with the exception of one copy, are so blurred and indistinct as to make it very difficult to read portions of them. In Simmons Hardware Co. v. Adams, 145 S. W. 285, this court sustained a motion to strike out briefs that were similarly defective, and allowed the appellant to file others not subject to that objection. If this case had not been submitted and in the hands of the court for consideration before the defect referred to was discovered, the same course might have been pursued and correct briefs filed at less expense to appellant. But, ascertaining that it would involve very little delay in the consideration of the case, we deemed it proper to require the clerk of this court to have three copies of appellant's brief made for the use of the court; and the clerk's fee for so doing, which amounts to $15, will be taxed against the appellant. In the case just referred to, attorneys were admonished against the course pursued by counsel for appellant in this case. The course pursued by this court in that case does not appear to have entirely prevented the practice complained of; and that is another reason for adopting the course pursued in this case. If after a reasonable time it shall appear that neither course constitutes an effective remedy, we may be driven to the necessity of striking out such briefs, and not permitting others to be filed in lieu thereof.

For the reasons stated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.