STATE MUT. FIRE INS. CO. OF TEXAS v. CATHEY et al.　(No. 5415.)

(Court of Civil Appeals of Texas.　Austin. Nov. 25, 1914.)

1. INSURANCE (§ 660*) — FIRE INSURANCE — PERSONAL PROPERTY—VALUE—EVIDENCE.

Where there was no market value of personalty covered by a fire policy, stipulating that insurer should not be liable beyond the actual cash value at the time of loss, the intrinsic value in the event of loss could be shown.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1695; Dec. Dig. § 660.*]

2. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—RULINGS ON EVIDENCE.

Where a party introduced the affidavit of a witness supporting a motion by the adverse party for a continuance, error in permitting the adverse party to introduce the affidavit of his attorney forming part of the motion was not reversible, within Courts of Civil Appeals rule 62a (149 S. W. x), prohibiting the reversal of any judgment for error, not prejudicing the rights of the party complaining.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Brown County Court; Frank H. Sweet, Judge.

Action by Cora Cathey and another against the State Mutual Fire Insurance Company of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed.

Arch Grinnan, of Brownwood, for appellant. E. C. Harrell, of Brownwood, for appellees.

JENKINS, J.　This is the second appeal in this case. See Fire Ins. Co. v. Cathey, 153 S. W. 935. Appellees brought suit to recover ꞓfor the loss of secondhand furniture, and obtained judgment. No complaint is made as to the amount of same. The policy provides:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value."

[1] Appellant assigns error upon the admission of the testimony of J. M. Cathey, the husband of appellee Mrs. Cora Cathey, as to the intrinsic value of a portion of the goods destroyed, and as to the market value of others of such goods. We overrule these assignments, for the reason that it sufficiently appears that there was no market value as to the first class above referred to, and that the witness was familiar with the market value as to the latter class. Appellant introduced no testimony to contradict the testimony of the witness as to such values, which, it is apparent, it could easily have done had such statement as to value been incorrect.

[2] Appellant assigns error upon permitting appellee to introduce in evidence the affidavit of E. C. Harrell, the attorney for the plaintiff, filed herein at a former term of the county court, resisting defendant's motion for a continuance. We do not see the materiality of this testimony, but hold that it was not reversible error, inasmuch as it was a part of said motion which was supported by the affidavit of J. M. Cathey, and appellant introduced said affidavit of the witness Cathey.

We also fail to see the relevancy of appellant's abandoned pleading, which was introduced in evidence by appellee; but we do not see how this could have injuriously affected appellant. We think this case comes clearly within the spirit of rule 62a (149 S. W. x), which requires that:

"No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court."

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.