Alberto Blanco OLIVEIRA, Appellant,

v.

**DEPARTMENT OF PUBLIC SAFETY,**
State of Texas, Appellee.

No. 15391.

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1958.

Rehearing Denied Feb. 7, 1958.

James J. Collins, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment of the County Court of Dallas County at Law No. 2, dismissing a suit filed by appellant Alberto Blanco Oliveira. Appellant's suit, filed July 31, 1957, sought to appeal under Art. 6701h, sec. 2(b), from an action of the State Department of Public Safety dated July 24, 1957 notifying appellant that his automobile drivers license had been suspended effective August 14, 1957 as provided by Art. 6701h, sec. 5(b). Upon motion of the Department appellant's suit was dismissed August 30, 1957 for want of jurisdiction on the ground that the suit had been prematurely filed.

## Facts

The material facts are undisputed. On April 16, 1957 appellant Oliveira had been involved in an automobile accident while driving his car. A report of the accident had been made to the Department as provided by Art. 6701h, sec. 4, Vernon's Ann. Civ.St. Thereafter pursuant to Art. 6701h, sec. 5(b), V.A.C.S., the Department sent a notice of suspension to appellant. As this appeal involves a proper interpretation of the notifying document and its legal effect, we here copy material parts of it:

"July 24, 1957. * * * As a result of a motor vehicle accident which occurred on April 16, 1957, at Dallas, Texas, you have become subject to the provisions of the Texas Motor Vehicle Safety-Responsibility Act. Notice is hereby given that the below designated suspensions may be voided by depositing with the Texas Department of Public Safety, cash, certified or cashier's check, or money order in the

amount of $220.00, plus a statutory filing fee of $5.00, as proof of your ability to satisfy any judgment(s) which may be rendered against you as a result of possible court action. In lieu of a security deposit, you may submit to the Texas Department of Public Safety a notarized release from all persons listed below or a notarized agreement to pay damages in installments entered into between you and all persons listed below, since we have information that they received personal injuries or property damage(s). A statutory filing fee of $5.00 is required when releases or installment agreements are submitted. See reverse side of this notice for other methods of complying with the Act. * * * Order of Suspension. Under the provisions of the Texas Motor Vehicle Safety-Responsibility Act, the following items are suspended as indicated below and you are further ordered to return to the Department of Public Safety on or before the effective date of this order, all suspended licenses, registration receipts and plates: (1) (X) Your Texas Operator's, Commercial Operator's and Chauffeur's Licenses; (2) (X) All Texas Registrations of motor vehicles owned by you. * * * Effective Date of Suspension August 14, 1957."

The only ground for dismissal alleged in the Department's motion was as follows: "That as Article 6701h, section 2, V.A.T.C.S. allows an appeal to be made to a County Court at Law only within 10 days after the said order is effective and this appeal being filed before the effective date of said order this appeal is an illegal attempt to confer jurisdiction upon this Court which this Court does not have jurisdiction."

The only ground alleged in appellant's petition as a basis for a stay of the suspension was as follows: "Plaintiff will further show at the time and on the occasion in question being on or about April 16th, 1957, he was not negligent or guilty of any negligence, acts or omissions which would make him legally liable to the party or parties he was involved in an accident with on April 16, 1957, Dallas County, Texas. Plaintiff will further show the Court that he has filed a companion suit wherein and whereby he requests the Court to adjudicate the initial liability or primary liability of the parties to the accident in question. In the alternative if Plaintiff does not secure a judgment relieving him of all liability, he will be able to furnish or will furnish proper evidence to the defendant relieving him of any liability to the party he was involved in an accident with on the above mentioned date; namely a release from the said party or parties releasing and discharging him from all liability of any kind, nature, or character."

## Opinion

Appellant's only point on appeal is that it was an abuse of the trial court's discretion to dismiss appellant's suit for lack of jurisdiction.

Art. 6701h, sec. 2(b), V.A.C.S. expressly provides as follows: *"Any order or act* of the Department, under the provisions of this Act, may be subject to review within *ten (10) days after notice thereof,* by appeal to the County Court at Law at the instance of any party in interest * * *."* (Emphasis ours.)

It is plain from the record that the Department performed an "act" on July 24, 1957 when it sent the notice to appellant. It is plain also that the express words of the statute provide for an appeal to the County Court at Law within ten days after the *notice of the "act,"* not within ten days after the effective date of the order of suspension, as appellee contends.

Moreover the language of the notice itself indicates that an order had already been made in regard to appellant's license, though the effective date of the suspension itself had been postponed to August 14, 1957. For example, the notice contains these expressions: "the below designated

suspensions may be voided by depositing" etc.; "Order of Suspension"; "the following items are suspended * * *. * * * You are further *ordered* to return to the Department of Public Safety on or *before* the effective date of this order, all suspended licenses, registration receipts and plates: (1) (X) Your Texas Operator's, Commercial Operator's and Chauffeur's Licenses; (2) (X) All Texas Registrations of motor vehicles owned by you." (Emphasis ours.)

We are of the opinion that appellant's appeal in County Court at Law was not prematurely filed, that the trial court had jurisdiction of the suit, and that it was error to dismiss the suit on the grounds named in appellee's motion to dismiss and in the court's order of dismissal.

Appellee has filed a motion to dismiss appellant's appeal to this Court, the Court of Civil Appeals, on the same grounds urged in its motion to dismiss appellant's suit in County Court at Law. The motion to dismiss appellant's appeal to this Court is overruled.

■ Having reached the above conclusions we would reverse the trial court's judgment and remand the cause for another trial were it not for the fact that such a reversal would be futile and useless because appellant, as a matter of law, has wholly failed to allege any grounds justifying a stay of the suspension order. In other words, though appellant's suit ought not to have been dismissed on the grounds named in appellee's motion and in the court's order, it nevertheless was properly subject to dismissal.

Appellant's petition contains allegations to this effect: He was involved in an accident on April 16, 1957; he contends he was not guilty of actionable negligence; he has filed a companion suit to this one in which companion suit he has asked the court to adjudicate the liability of the parties to the accident; he expects to win the companion suit; but assures the court that if he fails to do so, he will thereafter furnish proper evidence, namely a release from the other party to the accident, relieving him of liability. These are the only grounds alleged by appellant as a basis for a stay of the suspension order.

Under the undisputed facts disclosed by the record appellant is subject to but has not complied with Art. 6701h, sec. 5. He does not claim that he comes within any of the exceptions named in Art. 6701h, sec. 6.

■ One of the purposes of Art. 6701h is to provide security for damages pending a determination of the questions of negligence and liability. The statute is applicable and must be complied with before it is judicially determined who was negligent and who is liable for damages. The negligence or liability of appellant in the accident is not an issue in an appeal under Art. 6701h, sec. 2(b), and cannot be adjudicated in such appeal. Department of Public Safety v. Gillaspie, Tex.Civ.App., 254 S.W.2d 180; Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W. 2d 177. If every allegation in appellant's petition be accepted as true, he has not stated legal grounds for a stay of the order of suspension.

■ Appellant's suit was properly subject to dismissal, though it was not dismissed for the right reason. We think Rule 434, Texas Rules of Civil Procedure is applicable. We may not reverse judgments unless the error complained of amounts "to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented appellant from making a proper presentation of the case to the appellate court." In our opinion it is our duty under the provisions of the above cited and quoted Rule to affirm the trial court's judgment in the case.

The judgment is affirmed.