

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 9, 1959

Honorable W. G. Woods, Jr.
County Attorney
Liberty County
Liberty, Texas

Opinion No. WW-663

Re: Is actual notice required
by Section 2(b) of Article
670lh, Vernon's Civil
Statutes; does the ten day
period for filing appeals
from orders of the Depart-
ment of Public Safety
start at the time of the
order or of the notice?

Dear Mr. Woods:

We have your letter regarding Section 2(b) of Article 670lh, Vernon's Civil Statutes, the Safety Responsibility Law, in which you ask:

"I respectfully request a ruling from your office as to (1) whether actual notice to the party in interest and/or aggrieved party is necessary and, if so, (2) would the ten (10) day limitation period for filing appeals from acts or orders of the Department be computed from the date of actual notice of the act or order."

Section 2(b) of Article 670lh reads in part as follows:

"Any order or act of the Department, under the pro- visions of this Act, may be subject to review within ten (10) days after notice thereof, by appeal to the County Court at Law at the instance of any party in interest and in the county wherein the person aggrieved by such order or act resides, or if there be no County Court at Law therein, then in the County Court of said county, . . ." (Emphasis added)

The manner of notice required by the statute is not prescribed and no provision is made in Article 670lh for constructive notice. In your accompany- ing brief, you conclude both questions should be answered in the affirmative. We agree with your conclusions. Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Civ. App. 1957, error ref. n.r.e.) concerning Article 6687b, Vernon's Civil Statutes, (the Driver's License Law), discusses the notice requisite to suspend a driver's license. The reasoning used is applicable here:

"Section 28, supra, does not expressly provide for notice but there is a presumption in the absence of explicit language to the contrary that the legislature intended a valid and constitutional statute, and, therefore, intended that due notice should be given.  Industrial Accident Board v. O'Dowd, Tex., 303 S.W.2d 763.  Appellant concedes that no notice was given to Hamilton.  Since an administrative agency has no power to cancel or suspend a license without notice the trial court properly set aside the board's order suspending his license.  1 Tex. Jur.(Ten Yr. Supp.) 110."

"Notice" is usually defined as ". . . information concerning a fact actually communicated . . ." (31 Tex. Jr. 385, Notice, sec. 2.)  Since there is no provision in the instant statute for constructive notice, we are of the opinion that actual notice of the department's order or act must be given to the licensee.

The case of Oliveira v. Department of Public Safety, 309 S.W. 2d 557 (Civ. App. 1958) is authority for the conclusion stated above, as well as for the proposition that the ten day period of limitation is calcuated from the date of such notice.  We quote from this case as follows:

"It is plain from the record that the Department performed an 'act' on July 24, 1957 when it sent the notice to appellant. It is plain also that the express words of the statute provide for an appeal to the County Court at Law within ten days after the notice of the 'act', not within ten days after the effective date of the order of suspension, as appellee contends."

Both of your questions are answered in the affirmative.

SUMMARY

Section 2(b), Article 6701h, Vernon's Civil Statutes, requires actual notice to the licensee of the Department's order of suspension, and the ten day period in which to appeal is calculated from the date such notice is perfected.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling

Tom I. McFarling
Assistant Attorney General

TIM:zt:me

Honorable W. G. Woods, Jr., page 3 (WW-663)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

William E. Allen
Elmer McVey
C. Dean Davis
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert