**SECURITY NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Blanche CRISP, Appellee.**

**No. 7087.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 9, 1961.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

R. S. Sutton, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment rendered by the court below upon a fire insurance policy issued by appellant through its agent, Howard Williams, covering the household goods in appellee's home at 1018 N. Hughes in the city of Amarillo. Trial was to the court without a jury and resulted in a judgment for appellee in the sum of $5,310 with 6% interest per annum from the date of denial of liability.

The litigation concerning the fire insurance covering the house has been previously disposed of by this court and is reported in Tex.Civ.App., 346 S.W.2d 364 as Anchor Casualty Company v. Crisp. The policies concerning notice of cancellation contain exactly the same language and have the "giving" provision as distinguished from the "mailing" provision. Our Anchor Casualty Company case quoted the provision and we believe properly disposed of the question of whether or not the insurance policy was in fact cancelled in accordance with the provisions of the policy. Neither a motion for rehearing nor an application for writ was made in that case.

This case will have to be reversed for other reasons but in the event of another trial, if the facts are the same on the cancellation question, we would feel compelled to follow the law announced in the Anchor Casualty Co. case.

This case must be reversed because there is insufficient evidence to sustain the amount of damages assessed by the court, probably due to an oversight on the part of both appellee's counsel and the court.

If we understand appellee's testimony, either she or the insurance agent, or the two, working together made a list of the household furnishings, etc. in a book at the time of the purchase of the policy. That book was referred to a number of times throughout the testimony as Exhibit 4 and on at least two occasions the record shows that the court reminded counsel the identified exhibit had not been introduced. We have searched the record very carefully from beginning to end and have determined without question that there simply is not sufficient testimony introduced into the record from which the court could have arrived at the figure he assessed as damages. Obviously he was under the impression that the Exhibit 4 had been introduced into the evidence, or the separate items testified about, when he made his findings on damages. Nevertheless, it is not in the record and there is not sufficient evidence without it to sustain the trial court. Accordingly the judgment is reversed and remanded from another trial.