**SECURITY NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Blanche CRISP, Appellee.**

No. 7208.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 7, 1963.

Rehearing Denied Feb. 4, 1963.

**284**

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

R. S. Sutton, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal by Security National Insurance Company from a judgment rendered by the court below for Blanche Crisp based upon a jury verdict in a suit filed to recover upon a fire insurance policy covering her household goods. This is a second appeal by the insurance company, we having reversed the case on October 9, 1961, because of failure to prove the amount of damages assessed by the court. That case is reported as Security National Insurance Company v. Crisp, Tex.Civ.App., 351 S. W.2d 262.

The appeal of the litigation involving the house in which the furniture, clothes, and household goods were located is reported as Anchor Casualty Company v. Crisp, Tex. Civ.App., 346 S.W.2d 364 (NWH).

The question of cancellation is before us again, as it was on the previous appeal. As we stated in the October 9, 1961 opinion, the policy here and the one in Anchor Casualty Company employ exactly the same language with respect to notice of cancellation and contain the "giving" provision as distinguished from the "mailing" provision with respect thereto.

■ It is the settled rule in Texas that where the contract provides the policy may be cancelled by "giving" the insured notice, the conditions of the policy upon which rests the insurer's rights of cancellation must be strictly followed. Anchor Casualty Company v. Crisp, supra, and the cases

there cited. Also Republic Ins. Co. v. Inverness Estates, Tex.Civ.App., 252 S.W.2d 251 (writ refused).

The evidence in this case shows a notice of cancellation was mailed months before the fire resulting in the loss and that such notice was not returned. Appellee testified she never received it.

■ A presumption prevails that a letter duly mailed will be duly delivered but such presumption is rebuttable. Republic Ins. Co. v. Inverness Estates, supra. The question of whether appellee received the notice was submitted to the jury and answered adversely to appellant. We are bound by that jury finding, so appellant's point contending that the evidence establishes as a matter of law that the policy sued upon was cancelled long before the time of the fire is without merit.

The fire occurred on November 8, 1959. Appellee pleaded that demand was made upon appellant by a letter dated February 1, 1960, which was well within the 91 days provided in the policy. The evidence is clear that demand was made and refused but for some reason appellee failed to prove it was within the period of 91 days provided for in the policy, which we believe would be fatal except for the fact of waiver. We believe the requirement was waived under Article 5546 Vernon's Ann. Texas Civ.St. and Rule 93, Sec. (m) Vernon's Ann.Texas Rules. However, rather than have that question in the case on another trial, we assume appellee will surely at that time make proof of demand and refusal and all other conditions precedent required in the policy. The case must be reversed again so we shall attempt to spell out what we believe to be the proper rules in trying it.

■ The record indicates to us it was tried on the theory of implied contract rather than an express contract such as we have in this case. The rules of pleading and proof in the two are entirely different. Black v. Nabarrette, Tex.Civ.App., 281 S.

W. 1087. Appellee contends under the case just cited it is unnecessary to plead any measure of damages. That is a correct statement where recovery is sought for destruction of chattels by fire under an implied contract. In the case last cited the evidence showed that the owner of two houses burned the houses himself. The tenants sued for recovery of loss of their household goods, which was, of course, under an implied contract as distinguished from an express contract represented by the insurance policy in the instant case.

■ It is without contradiction in this record that the policy of insurance was written by the company and accepted by appellee. It thus constituted a written contract between the parties and was binding on them unless there was some clause against public policy or was void for some other reason. As part of that written contract it was provided, "Liability hereunder shall not exceed the actual cash value at the time of loss, ascertained with proper deduction for depreciation; nor shall it exceed the amount it would cost to * * * replace the property with material of like kind and quality within a reasonable time after the loss."

■ We believe the case should be pleaded and tried in accordance with the contract of the parties as partly represented by the clause just above quoted, since that clause limited the extent of liability of the insurer. Instead, it was submitted and tried upon the theory of intrinsic value; i. e., the value to Blanche Crisp at the time and place of loss. A trial court should use the measure of damages contracted for by the parties. Continental Fire & Casualty Ins. Corp. v. Surber, Tex.Civ.App., 231 S.W.2d 750, Syl. 3–5 (NWH).

From the record made in this case we believe an issue in substantially the following form would be proper:

"What sum of money, if any, do you find from a preponderance of the evidence would have been the reasonable cost at the time of and within a reasonable time after the fire in question of replacing the household and kitchen furniture, furnishings, and personal belongings in question with material of like kind and quality, making allowance for such depreciation as you shall find from the evidence they have undergone?"

We do not set the issue out as a model under the facts of this case to the extent that it could not be improved upon but it follows substantially the limitation of liability clause in the contract of the insurer under which the parties were bound. The issue has been approved in substantially the same form[1] under a policy with the same clause as we have quoted above except that in our issue we assume there has been some depreciation. Under the facts of this case, even though it might be said that a few minor items may have enhanced in value, there would have to have been some depreciation on some of the household goods described just as a matter of common sense and reason.

There is not any question but that the form of submission used by the trial court is one of intrinsic value, despite the fact there is evidence in the record that the property had some market value. The general rule is that intrinsic value could not be shown unless there is first a showing that the property had no market value. State Mutual Fire Ins. Co. v. Cathey, Tex. Civ.App., 153 S.W. 935. However, this general rule of law is not material here because a measure of damages was contracted for in writing by the parties, as heretofore stated.

There are numerous other points of error assigned. Point 9 is to the effect that special issue one required defendant to prove receipt by plaintiff of the written notice of cancellation five days prior to November 18, 1959. We doubt that the issue

---

1. American General Ins. Co. v. Bell, Tex.Civ.App., 116 S.W.2d 877, 878.

**286**

would constitute reversible error under Rule 434 V.A.T.R., but it occurs to us it would be more safe to make proof that receipt by plaintiff of the written notice of cancellation was *at least* five days prior to November 18, 1959. (Emphasis ours). It is true the issue was submitted in the substantial language of the policy, but as worded the jury could have decided defendant must prove receipt by plaintiff of the written notice exactly five days prior to the date mentioned. In any event the case must be reversed because it was pleaded, proved, and submitted upon the wrong theory. Accordingly, the judgment is reversed and remanded for another trial.

## ON MOTION FOR REHEARING

### PER CURIAM.

In her motion for rehearing appellee cites Tokio Marine & Fire Ins. Co. v. Aldridge, Tex.Civ.App., 21 S.W.2d 547, a writ refused case by our court, as authority for her contention that we were in error in holding her proof for recovery of damages must comply with her written contract with the insurer.

We find no fault with that case. It involved wind and storm damage to a building as a whole, one piece of property. The building was only partially destroyed and the case was tried on the theory of restoration. In our case the property was totally destroyed. The record as a whole in that case is just so completely different to ours that we do not believe it constitutes any authority on the question here involved.

We are also challenged on a statement in our original opinion to the effect that the general rule requires a showing of no market value before intrinsic value may be shown. We cited a case so holding. However, we respectfully suggest that we also stated that such rule had no application to the instant case because the measure of damages was contracted for in writing by the parties in the insurance policy.

Since the motion for rehearing has not assigned any good reason to cause us to change our original opinion, the motion is overruled, and as stated in our original opinion the judgment of the trial court is reversed and remanded for another trial.