

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 22, 1967

Honorable Wallace Shropshire
County Attorney
Travis County
Austin, Texas

Opinion No. M-29

Re: Construction of Section
2(b) of Article 6701h,
Vernon's Civil Statutes,
relative to stay orders
of the court.

Dear Mr. Shropshire:

In a recent letter to this office you requested an opinion in regard to the above referenced matter. We quote from your letter as follows:

"..

"(1) Is it within the discretion of the Court to stay an order of the /Texas7 Department /of Public Safety7 based upon equitable grounds?

"(2) Is it within the discretion of the Court to stay an order of the Department if the appeal is not predicated upon either the conditions enumerated in Section 5(c), or the exceptions under Section 6 of the Act?

".. .. .."

Section 2(b) of Article 6701h, Vernon's Civil Statutes, commonly known as the Safety Responsibility Law reads, in part, as follows:

"Any order or act of the /Texas7 Department /of Public Safety7 under the provisions of this Act, may be subject to review within thirty (30) days after notice thereof, or thereafter for good cause shown, by appeal to the County Court at Law at the instance of any party in interest and in the county wherein

- 123 -

the person aggrieved by such order or act resides, or if there be no County Court at Law therein, then in the County Court of said county, or if there be no County Court having jurisdiction, then such jurisdiction shall be in the District Court of said county, and such Court is hereby vested with jurisdiction, and such appeal shall be by trial de novo. The Court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision of the Department, with the exception that no stay order shall be granted staying an order of suspension by the Department of Public Safety that is based on a final judgment rendered against any person in this State by a court of competent jurisdiction growing out of the use of a motor vehicle in this State when said judgment is a subsisting final judgment and unsatisfied; further, an appeal shall not operate as a stay of any such other orders or decisions of the Department of Public Safety where the aggrieved party was involved in an accident involving a motor vehicle which he was operating if he was charged with a violation of any of the laws of the State of Texas, or any of its political subdivisions, and said complaint or indictment is pending at the time the appeal from an order or decision of the Department of Public Safety is filed, unless the aggrieved party shall file proof of financial responsibility with the Department of Public Safety as a condition precedent to the obtaining of said stay and maintain said proof of financial responsibility until dismissal of said complaint or indictment or for such period of time as provided for in Section 2(d) of this Act. . . ." (Emphasis added.)

Section 5 of Article 6701h, Vernon's Civil Statutes, provides that the Texas Department of Public Safety shall under certain conditions require persons involved in motor vehicle accidents within this State to post, with the Department as security, a sum of money which in the Department's judgment would be sufficient to satisfy any judgment for damages resulting from such accident. Section 5 also provides that the Department shall suspend the driver's license and all motor vehicle registrations of each operator and owner of a motor vehicle involved in such accident unless such person posts the required

security or otherwise complies with the provisions of Article 6701h. Subsection (c) of Section 5 provides, in part, as follows:

"(c) This Section shall not apply under the conditions stated in Section 6 nor:

"1. To such operator or owner if such owner had in effect at the time of such accident a motor vehicle liability policy with respect to the motor vehicle involved in such accident;

"2. To such operator, if not the owner of such motor vehicle, if there was in effect at the time of such accident a motor vehicle liability policy or bond with respect to his operation of motor vehicles not owned by him;

"3. To any person employed by the government of the United States, when such person is acting within the scope or office of his employment;

"4. To such operator or owner if the liability of such operator or owner for damages resulting from such accident is, in the judgment of the Department, covered by any other form of liability insurance policy or bond; nor

"5. To any person qualifying as a self-insurer under Section 34 of this Act, or to any person operating a motor vehicle for such self-insurer."

Section 6 of Article 6701h, Vernon's Civil Statutes, provides as follows:

"The requirements as to security, proof of financial responsibility and suspension in Section 5 shall not apply:

"1. To the operator or the owner of a motor vehicle involved in an accident wherein no injury or damage was caused to the person or property of any one other than such operator or owner;

"2. To the operator or the owner of a motor vehicle legally parked or legally stopped at a traffic signal at the time of the accident;

"3. To the owner of a motor vehicle if at the time of the accident the vehicle was being operated without his permission, express or implied, or was parked by a person who had been operating such motor vehicle without such permission; nor

"4. If, prior to the date that the Department would otherwise suspend license and registration or nonresident's operating privilege under Section 5, there shall be filed with the Department evidence satisfactory to it that the person, who would otherwise have to file security and proof, has been released from liability or been finally adjudicated not to be liable or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident."

The questions involved in construing the provisions of Article 6701h, Vernon's Civil Statutes, may be stated as follows:

(1) What must a person, who is aggrieved by a Department of Public Safety suspension order, do in order to properly effect his appeal and to bring the appeal within the actual jurisdiction of the court which has potential jurisdiction of the appeal?

(2) What is the extent of the power of a court which has jurisdiction of such an appeal to stay such a suspension order of the Department?

In order to confer actual jurisdiction on a court, having potential jurisdiction of an appeal from a Department order, suspending a driver's license or motor vehicle registration, the aggrieved party must in his petition allege as grounds at least one of the conditions enumerated in Section 5(c) or at least one of the exceptions listed in Section 6 of the Act or other grounds for the appeal, which if accepted as true, would be sufficient to obtain a final judgment in his behalf at a trial on the merits of the case. In the case of Oliveira v. Department of Public Safety, 309 S.W.2d 557 (Tex.Civ.App. 1958, n.w.h.), the court agreed with the appellant that his appeal, from a Department suspension order, should not have been dismissed for want of jurisdiction for the reasons given by the trial court. The court

nevertheless affirmed the dismissal for want of jurisdiction on the ground that "If every allegation in appellant's petition be accepted as true, he has not stated legal grounds for a stay of the order of suspension." Oliveira v. Department of Public Safety, supra, page 560. The court quoted from appellant's petition and found that:

"Under the undisputed facts disclosed by the record appellant is subject to but has not complied with Art. 6701h, sec. 5. He does not claim that he comes within any of the exceptions named in Art. 6701h, sec. 6." Oliveira v. Department of Public Safety, supra, page 560.

This holding of the Oliveira case was cited with approval in Wood v. Department of Public Safety, 311 S.W.2d 274 (Tex.Civ. App. 1959, n.w.h.).

If the appealing party is otherwise subject to the provisions of the Act and does not come within one of the conditions named in Section 5 or one of the exceptions listed in Section 6 of the Act there are no allegations of fact sufficient to establish a prima facie case and confer jurisdiction on the trial court.

Once jurisdiction has attached, the provisions of Section 2(b) of Article 6701h vest complete discretion in the court to determine whether the appeal shall operate as a stay of a Department suspension order, except in those cases where the statute specifically provides that no stay order shall be granted. The applicable portion of Section 2(b) reads as follows:

". . .The Court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision of the Department, . . ."

It is therefore our opinion that, under the Safety Responsibility Law, Article 6701h, it is not within the discretion of the trial court to stay an order of suspension of a driver's license or a motor vehicle registration of the Texas Department of Public Safety upon equitable grounds. It is also our opinion that it is not within the discretion of the court to stay such order of suspension, if the appeal is not predicated upon at least one of the conditions enumerated in Section 5(c), or at least one of the exceptions listed under Section 6 of Article 6701h, Vernon's Civil Statutes, or upon other grounds for the appeal, which if accepted as true, would be sufficient to obtain

a final judgment in his behalf at a trial on the merits of the case.

The sufficiency of the petition to confer actual jurisdiction of the appeal upon the trial court may be tested by summary judgment proceedings. Wood v. Department of Public Safety, 311 S.W.2d 274 (Tex.Civ.App. 1950, n.w.h.); Whittington v. Department of Public Safety, 342 S.W.2d 374 (Tex.Civ.App. 1961, n.w.h.); Simmons v. Department of Public Safety, 350 S.W.2d 212 (Tex.Civ.App. 1961,n.w.h.); Foster v. Texas Department of Public Safety, 398 S.W.2d 836 (Tex.Civ.App. 1965, n.w.h.).

## S U M M A R Y

It is not within the discretion of the trial court to stay an order of suspension of a driver's license or a motor vehicle registration of the Texas Department of Public Safety upon equitable grounds.

It is not within the discretion of the court to stay such order of suspension, if the appeal is not predicated upon at least one of the conditions enumerated in Section 5(c), or at least one of the exceptions listed under Section 6 of Article 6701h, Vernon's Civil Statutes, or other grounds for the appeal, which if accepted as true, would be sufficient to obtain a final judgment in his behalf at a trial on the merits of the case.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

LEBJr:ra:mkh

APPROVED:
OPINION COMMITTEE

Hon. Wallace Shropshire, page 7 (M- 29)

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

John Reeves
Marietta Payne
Pat Bailey
Monroe Clayton

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.