**Gloria Holley ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00748–CR.**

Court of Appeals of Texas, Dallas.

Sept. 29, 1982.

---

\*   \*   \*   \*   \*   \*

Richard C. Jenkins, Dallas, for appellant.

Henry Wade, Dist. Atty., Henry Whitley, Asst. Dist. Atty., for appellee.

Before CARVER, STOREY and WHIT-HAM, JJ.

STOREY, Justice.

This is an appeal from a conviction for driving with a suspended driver's license pursuant to Tex.Rev.Civ.Stat.Ann. art. 6701h (Vernon 1977). Appellant challenges the presumption of notice provided in section 31 of the statute on a constructional and various constitutional grounds. She also challenges the admission into evidence of certain records of the Department of Public Safety and a private employer as not properly shown to be admissible as business or public records. We affirm.

■ Appellant first complains of the jury charge pursuant to article 6701h that notice of driver's license suspension is presumed to be complete nine days after mailing. She maintains that the statute is not concerned with presumption of notice, that such a presumption violates due process because there is insufficient rational connection between the mailing of notice and its receipt, and that such a presumption impermissibly shifts to the defendant the burden of proof as to a defendant's mental state.

We cannot agree that the statute, article 6701h, § 31, is not concerned with notice. The statute provides in relevant part:

Any person whose license or registration shall have been suspended as herein provided, or whose policy of insurance or bond, when required under this Act, shall have been cancelled or terminated or who shall neglect to furnish other proof upon request of the Department, shall return his license and registration to the Department within ten (10) days after receiving notice from the Department in writing, either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at the last address supplied to the Department by the licensee, *which notice shall be presumed to be complete upon the expiration of nine (9) days after such is deposited in the United States mail.* [Emphasis added]

The statute goes on to provide for authority to retrieve the license, if not returned, and for penalties for failure to return the license. Appellant contends that notice given pursuant to this statute is not notice of license suspension, but is merely notice that the license must be returned forthwith. The implications of appellant's argument are that, so long as appellant holds the license in her possession, she may not be prosecuted for driving with a suspended license, but only for failure to return the license on demand.

We cannot agree with the strained statutory construction offered by appellant. The notice actually given in this case read in part as follows:

In the event of your failure to comply with the provisions of the Act, this is to inform you that your operator's, commercial operator's or chauffeur's license and all of your motor vehicle registration receipts and license plates, and/or operating privileges are suspended.

As this court stated in regard to a very similar notice arising under article 6701h, "the language of the notice itself indicates that an order had already been made in regard to appellant's license, though the effective date of the suspension itself had been postponed . . . ." *Oliveira v. Department of Public Safety,* 309 S.W.2d 557, 559 (Tex.Civ.App.—Dallas 1958, no writ). This notice was sent pursuant to section 31, and communicated the present fact of license suspension, albeit with the effective date of suspension postponed. We hold therefore, that the presumption defined in section 31 applied in this case, and the court did not err in so charging the jury.

■ Appellant also complains that the presumption, hence the court's charge, impermissibly shifts the burden of proof from the State. In holding a presumption of intoxication valid, the Court of Criminal Appeals stated:

A statutory presumption permits an inference to be drawn from proof of certain facts. In this instance the statute permits the jury to infer that a person is intoxicated if it is proved that there was 0.10 percent alcohol in his blood when he drove a motor vehicle on a public highway. The State is not relieved of the burden of proving each element of the offense beyond a reasonable doubt.

In order to take advantage of the presumption the State must prove each fact giving rise to the presumption beyond a reasonable doubt. Even if the jury finds that the facts giving rise to the presumption are proven beyond a reasonable doubt, the jury is not required to presume the fact or element of the offense.

*Easdon v. State,* 552 S.W.2d 153, 155 (Tex. Cr.App.1977). We see no reason why the same rationale should not apply to this presumption as to the presumption of intoxication.

■ Appellant next complains that the presumption operates unconstitutionally because mailing a letter does not bear sufficient rational connection to the fact to be presumed, namely, receiving notice, for fundamental fairness to be observed. We observe, as did the California Supreme Court:

Men are accustomed to weighing, and acting upon, such evidence of conduct in their everyday affairs. Recognition of its force is seen in the adoption by the law of

many presumptions based on common experience, such as the presumption that a letter properly deposited in the mails has reached its destination in due time .... *Wallis v. Southern Pacific Co.,* 184 Cal. 662, 195 P. 408 (1921) (en banc). Texas has long had the same rule. *Sudduth v. Commonwealth County Mutual Insurance Co.,* 454 S.W.2d 196 (Tex.1970); *Security National Insurance Co. v. Crisp,* 364 S.W.2d 283 (Tex. Civ.App.—Amarillo 1963), *aff'd,* 369 S.W.2d 326 (Tex.1963). The presumption arises from the common experience in mailing letters. Mailing and receipt, we hold, are reasonably related, and the statute satisfies fundamental fairness.

■ Appellant also complains of the introduction of four exhibits as not properly proven to be business or public records, and hence hearsay. One consequence to characterizing the exhibits as hearsay, appellant claims, is that appellant is not shown to be the same person whose license was earlier suspended. Exhibits 1A and 2 relate to the suspension of appellant's license, and, appellant claims, are not official records because they are not made by an officer of the State or his deputy. Tex.Rev.Civ.Stat.Ann. art. 3731a, § 1 (Vernon Supp.1982). Exhibit 1A was made by Bobby Curb, and recites that Curb is the custodian of the driver records of the Driver and Vehicle Records Division of the Texas Department of Public Safety. Exhibit 2 is a collection of communications to appellant made by John H. Grant, Manager of Safety-Responsibility, Texas Department of Public Safety, and custodian of these records, together with a notarized certificate of mailing by J. Stooksberry, an officer or employee of the Department. The statute requires that the record be "made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment ...." Art. 3731a, § 1. Appellant contends that the Department is not a governmental subdivision of the State of Texas. She contends also that these persons are not shown to be officers or employees of the Department. It is sufficient for us to note, as did the Court of Criminal Appeals in

another case, that "the proof showed that the exhibits consisted of records made in the regular course of business in the office of the Department of Public Safety ... and were, therefore, admissible as official records ...." *Duff v. State,* 503 S.W.2d 785, 787 (Tex.Cr.App.1974).

■ We next turn to exhibits 3A and 4A and their admissibility as business records. Exhibit 3A is an employment application and exhibit 4A is a withholding exemption certificate. One witness testified that the withholding exemption certificate was filled out by appellant in his presence, and so constitutes an admission of the matters stated therein. Because the information in the employment application contained the same information, it was merely cumulative.

Finally, we are satisfied that the qualifying witness properly qualified these business records under Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1982). Consequently, there is sufficient evidence to show that appellant is the same person whose license was suspended.

Appellant's final arguments center about her culpable mental state in intending to drive her automobile with the knowledge that her license was suspended. We have resolved this question in relation to the presumption of notice.

Affirmed.