**Samuel R. GERSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–85–00635–CR.

Court of Appeals of Texas,
Dallas.

June 30, 1986.

Grant Q. Poynor, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before AKIN, VANCE and HOWELL, JJ.

HOWELL, Justice.

In a bench trial, appellant was convicted of criminal mischief. On appeal, he argues that a presumption contained in the criminal mischief statute is unconstitutional as applied. We agree. Consequently, we reverse the judgment of the trial court and remand the cause for new trial.

Appellant was accused of violating section 28.03 of the Penal Code. The parts of the statute pertinent to this appeal read as follows:

(a) A person commits an offense if, without the effective consent of the owner:

.   .   .   .   .

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes a pecuniary loss or substantial inconvenience to the owner or a third person.

.   .   .   .   .

(c) For the purposes of this Section it shall be presumed that a person in whose name public communications, public water, gas, or power supply is or was last billed and who was receiving the economic benefit of said communication or supply, has knowingly tampered with the tangible property of the owner if the communication or supply has been:

(1) diverted from passing through a metering device; or

(2) prevented from being correctly registered by a metering device.

TEX.PENAL CODE § 28.03 (Vernon Supp. 1986).

Viewed in the light most favorable to the verdict, the evidence tended to show that some person had tampered with the gas meter at appellant's home. The proof took three principal forms. First, billing records showed erratic readings at appellant's home during the winter months.

Twice the meter actually displayed a negative reading, which could only have occurred through tampering or through error in reading the meter. Second, there was physical evidence of tampering. A foreign screw, not used by the gas company, was attached to the index. Oil was also found on the index, consistent with an attempt to turn back the meter. It appeared that the index was disengaged from the meter, preventing the flow of gas from registering properly. Finally, when the gas company installed a tamper-proof meter the meter registered much higher gas usage.

In short, adequate evidence existed to justify the conclusion that the offense of criminal mischief had occurred. However, no evidence linked appellant himself to the offense. The trial court recognized this in handing down his verdict. "The court relying upon the presumption that's contained in the statute finds the defendant to be guilty of the offense of tampering with the property of Lone Star Gas.... Now if my ruling concerning the presumption is wrong, then my verdict is wrong." Thus, whether appellant's conviction can be upheld depends upon the validity of applying the statutory presumption.

At first glance, the language of section 28.03 seems to require the trier of fact to presume that the person in whose name utility services are billed knowingly tampered with the meter if tampering is found. This section, however, must be read in conjunction with section 2.05 of the Penal Code. Section 2.05 provides that the trier of fact may find the presumed fact if the underlying facts are proven beyond a reasonable but is not required to do so.[1] Thus the statute permits but does not compel the statutory inference.

An evidentiary device, such as a presumption, must not shift the burden of proof to the accused or relieve the fact finder's responsibility to find the ultimate facts beyond a reasonable doubt. *Court of Ulster County v. Allen,* 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979).

*See Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). There must be a rational connection between the fact proved and the fact presumed. *Tot,* 319 U.S. at 467, 63 S.Ct. at 1244. The presumption is unconstitutional unless "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary,* 395 U.S. at 36, 89 S.Ct. at 1548. A permissive presumption is to be evaluated as applied in the record before the court. *Ulster County,* 442 U.S. at 162–63, 99 S.Ct. at 2227–28.

Viewed by this standard, the presumption as applied in the present case must fail. The statutory presumption starts with a rational premise. One who tampers with a utility meter probably has an economic incentive to do so. It is unlikely that some third party would bother with tampering in order to benefit a stranger. To the extent that the presumption is linked to economic benefit it is rational and valid.

Yet the statutory presumption operates only against that class of persons who receive economic benefit *and* who are *billed by the utility in their own name.* The billing proviso is suspect. The presumption singles out an individual solely because that individual is the addressee of the utility company bill. In our society, people dwell together according to a variety of arrangements. For instance, roommates may agree to split expenses, each sharing in the costs and benefits of the utility. Typically, only one of those individuals would be billed. If tampering takes place, the statute would allow a presumption that the designated addressee was responsible, even though it is equally likely that another participant in the venture actually tampered with the device. It is not uncommon for landlords living some distance away to order utilities in their name and then to collect from the tenant for the whole amount or for that part exceeding the land-

---

**1.** Section 2.05 is written in terms of jury instructions. We will presume that the trial court employed the same standards in finding the facts without the assistance of a jury.

lord's "free" allowance. The presumption would make it possible to hold the landlord guilty without evidence that he had been near the premises during the time in question.

Appellant's own case provides another example. He lives with his wife and two children. All share in the benefits derived from the gas. Presumably, the bill is an obligation of the community between husband and wife. *Cockerham v. Cockerham,* 527 S.W.2d 162, 169 (Tex.1975); *Anderson v. Royce,* 624 S.W.2d 621, 623 (Tex.App.—Houston [1st Dist] 1981, writ ref'd n.r.e.). Appellant's wife would possess the same motive to tamper as appellant himself. Yet the presumption works against appellant solely because the gas company mails the bill to him.

The "economic benefit" portion of the presumption identifies a class of individual among which the likely perpetrator is to be found. The "person billed" portion selects an individual within that class. That selection necessarily assumes that the addressee of the bill is more likely to be the guilty party than others with equal motivation. The connection between the proven tampering and the name of the person to whom the bill is mailed is arbitrary, lacking a basis in common experience. *Tot,* 319 U.S. at 467–68, 63 S.Ct. at 1244–45. *See Rogers v. State,* 641 S.W.2d 404 (Tex.App.—Dallas 1982, no writ). The presumption is unconstitutional as applied.

Appellant's no evidence point is overruled. The proper procedure when the court holds a presumption invalid is to remand the cause to the trial court. *Gonzales v. State,* 676 S.W.2d 437, 439 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

Reversed and remanded.