Colonel James B. Adams Director Texas Department of Public Safety P.O. Box 4087 Austin, Texas 78773
Re: Whether the Texas Department of Public Safety may impound a vehicle under section 4A of article 6701h, V.T.C.S.
Dear Colonel Adams:
You question the constitutionality of section 4A of article 6701h, V.T.C.S., the Texas Motor Vehicle Safety Responsibility Law. You ask whether the Texas Department of Public Safety may, acting pursuant to section 4A, impound certain motor vehicles without violating the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. If the department may constitutionally take such action, you also ask about the proper procedure for storing and eventually disposing of impounded vehicles.
Section 4A provides:
 (a) Any motor vehicle operator who is not domiciled within the United States and who operates a vehicle which is in any manner involved in an accident within the State of Texas in which any person is killed or injured or in which damage to the property of any one person, not including himself, to an apparent extent of at least One Hundred Dollars ($100) is sustained shall be taken immediately before a magistrate and there shall present proof of financial responsibility.
 (b) If a person does not present proof of financial responsibility in accordance with Subsection (a), the magistrate shall enter an order directing the Department to impound the vehicle operated by the foreign domiciliary. The Department shall hold the vehicle until:
 (1) a cash bond, in an amount to be determined by the magistrate, has been posted with the Department;
 notice and an opportunity for a hearing appropriate to the nature of the case. Bell v. Burson, 402 U.S. at 541-42. Thus, the motorists in Bell v. Burson were clearly entitled to a hearing; the vital question was the kind of hearing due process requires.
It is well established that due process requires a "meaningful" hearing. Id. Bell v. Burson turned on whether the state must provide a hearing which includes consideration of the question of the motorist's fault or liability prior to suspension of the motorist's license. Georgia argued that a hearing on liability was unnecessary because fault and liability were irrelevant to its statutory financial responsibility system. 402 U.S. at 541. The Court disagreed, noting that in the overall analysis of the statutory scheme, the determination of liability played a crucial role as to whether a motorist's license was actually suspended. Id. For example, a release executed by the injured party or parties would prevent license suspension. Id. For these reasons, the court held that
 [s]ince the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing.
402 U.S. at 541. As will be shown in the discussion to follow, article 6701h is similar to this statutory scheme.
One of the primary purposes for the enactment of article 6701h was to require owners and operators of motor vehicles to provide security for damages pending determination of the issues of negligence and liability. Oliviera v. Texas Department of Public Safety, 309 S.W.2d 557, 560 (Tex.Civ.App.-Dallas 1958, no writ). Section 5 of article 6701h was, prior to amendment in 1975, directly analogous to the statute at issue in Bell v. Burson. Although section 5 provides for suspending licenses and vehicle registrations while section 4A provides for impounding vehicles, the procedures for the imposition of these penalties in the prior version of section 5 and in section 4A are the same. Accordingly, the Texas Legislature's response to Bell v. Burson, i.e., by amending section 5, is significant to an understanding of section 4A.
Section 5 requires owners and operators involved in certain motor vehicle accidents to submit proof of liability insurance, to otherwise post security, or to show release from liability under penalty of suspension of drivers' licenses and motor vehicle registrations. Prior to the Supreme Court's decision in Bell v. Burson, section 5 did not provide for a hearing on the issue of fault or liability prior to license and registration suspensions. See Acts 1971, 62nd Leg., ch. 944, § 3, at 2868. The Texas courts stated that fault or liability under this version of article 6701h was irrelevant; a blameless motor section 4A under the equal protection analysis which you suggest is unnecessary at this time.
 SUMMARY
Because section 4A of article 6701h does not provide for a hearing on the issue of fault or liability for a motor vehicle accident involving a nondomiciliary motor vehicle operator prior to the impoundment of the nondomiciliary's vehicle, section 4A fails to comply with the minimum procedural due process requirements of the Fourteenth Amendment to the United States Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General