**AFFIRM; Opinion issued March 28, 2013**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-12-00105-CR
_____

**DAVID RAY GILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F11-14742-Y

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion By Justice Bridges

Appellant David Giles appeals his conviction for criminal mischief by impairing or interrupting a public service under section 28.03(a)(2) of the penal code and his accompanying sentence of two years' imprisonment, probated for two years, and restitution in the amount of $17,609.02. In two issues, appellant contends: (1) the evidence was legally insufficient to support the conviction; and (2) the trial court erred in admitting extraneous offense evidence. We affirm.

### BACKGROUND

An Oncor field service representative was dispatched to reconnect electric service at 700 Keessee Drive, appellant's residence, on February 8, 2011. The representative discovered a jumper had been installed on the electric meter, a wire used to divert half of the load from being

registered on the meter.   Kevin Jones, a revenue security representative with Oncor, testified that type of tampering would roughly cut someone's bill in half.   Upon discovering the jumper, the service representative removed the jumper and locked and sealed the meter.

The following day, Jones visited the residence and noticed the seal had been damaged. When he opened the meter, Jones discovered a new jumper had been installed.   Ms. Giles came out to ask Jones what he was doing, and Jones asked her about the tampering.   Ms. Giles denied any wrongdoing.

Jones testified the electric bill was in appellant's name at the time of the incident, but has since been transferred to his wife's name.   From continued investigation, Jones believed the tampering of the electric meter at the residence began in 2006 when the meter readings dropped from approximately 4,000 kilowatts a month to 800, and then to double digits.   When the kilowatts reached the double digits, appellant's bill was around one dollar, plus some fees.

Jones testified that appellant had another account with Oncor at his business.   Near the time the tampering was discovered at appellant's residence, tampering was also discovered at appellant's place of business.

Lieutenant Steve Lafferty of the Cedar Hill Police Department testified Jones contacted him regarding the Oncor investigation.   Based on the information provided by Jones,[1] Lafferty issued a probable cause warrant on appellant.   According to Lafferty's report, the account holder appeared to be David and Marie Giles.   Lafferty charged appellant based on the presumption that "anybody that received economic benefit from the diverted utility can be held responsible for the loss."

---

[1] Lafferty explained Jones sent him several emails and photographs, outlining the "interruption with public service where it shows the single bypass underneath the meter" and "a breakdown of what [Jones] believed to be the cost [Oncor] incurred or the loss that the company had." This evidence is part of the record before us.

ANALYSIS

**A.      *Extraneous Offense***

In his second issue, appellant contends the trial court erred in admitting extraneous offense evidence.   Specifically, appellant complains of the evidence regarding the diversion of electricity at his place of business.

Rule 404(b) prohibits the admission of extraneous offense evidence to prove an individual's character in order to show action in conformity with that character.   TEX. R. EVID. 404(b).   This limitation is not based on legal relevance; rather, the evidence is inherently prejudicial, has a tendency to confuse the issues, and forces the accused to defend himself against uncharged crimes in addition to the charged offense.   *Daggett v. State*, 187 S.W.3d 444, 451 (Tex. Crim. App. 2005); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).   However, extraneous offense evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). These exceptions are not exclusive, and the proponent of misconduct evidence need not "stuff" a given set of facts into one of the laundry-list exceptions set out in Rule 404(b) for admission to be proper; he must, however, explain the logical and legal rationales that support admission.   *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Rebuttal of a defensive theory is also a permissible purpose under 404(b).   *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Albrecht*, 486 S.W.2d at 101.

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard.   *De La Paz*, 279 S.W.3d at 343.   As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld.   *Id.* at 344.   A trial court's ruling is generally within this zone if the

evidence shows that (1) an extraneous transaction is relevant to a material, non-propensity issue, and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial court gave the wrong reason for its right ruling. *Id.* When Jones testified to the tampering at appellant's place of business, defense counsel objected on the basis of relevance, and the State argued it was offering the evidence under Rule 404(b). The following exchange then took place:

> THE COURT: . . . What theory under 404(b) are you offering it on?
>
> THE STATE: Identity, intent.
>
> THE COURT: How about that, [defense counsel]? That appears to be spot on to me.
>
> DEFENSE COUNSEL: Well, Judge, it sounds that way, but this whole concept deals with speculation and that's the nature of the objection also.
>
> THE COURT: Okay. The Court finds that the evidence is admissible under Rule
>
> 404(b) to show identity, as well as modus operandi. . . .

To be admissible to show identity, an extraneous offense must be so similar to the offense-at-issue that the offenses are marked as the accused's handiwork. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). Sufficient similarity may be shown by proximity in time and place or by a common mode of committing the offenses. *Dickson v. State,* 246 S.W.3d 733, 742 (Tex. App.–Houston [14 Dist.] 2007, pet. ref'd) (citing *Ransom v. State,* 503 S.W.2d 810, 813 (Tex. Crim. App. 1974)). Here, the evidence showed that, at the time the jumper was located on the meter at appellant's residence, another jumper was located on the meter at appellant's restaurant. "Where a pattern of offenses are so similar that the offenses are marked as the handiwork of the

accused and identity is at issue, then extraneous offense evidence may be admitted to prove identity." *Dickson*, 246 S.W.3d at 743. We agree with the trial court that the extraneous offense here was admissible to show identity as permitted under Rule 404(b). TEX. R. EVID. 404(b).

Furthermore, when the trial court made its findings at the conclusion of trial, it noted:

[I]f this defendant just happened to be the beneficiary of not only reduced power charges at his residence but also at this barbecue restaurant and both of them was someone else besides him, he would have to be the most unlucky man the world has ever seen.

Here, the trial court is referencing the doctrine of chances. "The 'doctrine of chances' tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance." *De La Paz,* 279 S.W.3d at 347. Although the trial court could have reasonably presumed appellant's wife or someone else could have installed the jumper at his residence, it becomes far less likely that appellant was innocent of the offense when a similar jumper was located at his place of business. Like the trial court, we conclude the extraneous offense was also admissible under the doctrine of chances. *See id.* We overrule appellant's second issue.

## B.     *Sufficiency of the Evidence*

In his first issue, appellant argues the evidence was legally insufficient to support his conviction. Appellant contends that, because the State presented no direct evidence that he tampered with the electrical service at his residence and the presumption under section 28.03 of the penal code was unconstitutional as applied, [2] the evidence was insufficient to support his conviction. We disagree.

---

[2] As will be discussed more fully below, appellant's argument regarding the alleged unconstitutionality of the statutory presumption merely consists of a citation to this Court's decision in *Gersh v. State*, 714 S.W.2d 80, 81 (Tex. App.–Dallas 1986, pet ref'd).

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). In reviewing a record, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

In order to obtain a conviction, the State was required to prove beyond a reasonable doubt that appellant, without the effective consent of the owner, intentionally or knowingly tampered with the tangible property of the owner and caused pecuniary loss or substantial inconvenience to the owner or a third person. TEX. PENAL CODE ANN. § 28.03(a)(2). We first note section 28.03 contains a presumption that the person receiving the economic benefit has knowingly tampered with the tangible property. *See id.* at § 28.03(c). Appellant states that, in this case, the presumption under section 28.03 was unconstitutional as applied and cites us to this Court's decision in *Gersh v. State*. 714 S.W.2d 80, 81 (Tex. App.–Dallas 1986). The presumption provides, in pertinent part, as follows:

**§ 28.03 Criminal Mischief**

...

(c) For the purposes of this section, it shall be presumed that a person who is receiving the economic benefit of. . . power supply, has knowingly tampered with the tangible property of the owner if the. . . supply has been:

(1) diverted from passing through a metering device; or

(2) prevented from being correctly registered by a metering device . . . .

TEX. PENAL CODE ANN. § 28.03(c).

In support of his statement that the presumption is unconstitutional, appellant cites us only to this Court's 1986 decision in *Gersh v. State*, 714 S.W.2d at 81, in which we determined "[t]he connection between the proven tampering and the name of the person to whom the bill is mailed is arbitrary, lacking a basis in common experience" and is unconstitutional as applied. However, the statute analyzed in *Gersh* is a predecessor statute, which differs in language from the one we consider today.[3] The current statute no longer contains the "last billed" language this Court deemed unconstitutional as applied in *Gersh*. *See* TEX. PENAL CODE ANN. § 28.03(c). Therefore, *Gersh* does not apply.

Furthermore, the record before us contains evidence of guilt beyond the presumption provided in the current statute. The record reflects: (1) appellant and his wife resided at 700 Keessee Drive on February 8, 2011; (2) an Oncor representative discovered a jumper had been installed on the electric meter at the residence; (3) the type of tampering on the meter would roughly cut someone's bill in half; (4) on the next day, February 9, 2011, Jones discovered the meter had been tampered with again and another jumper had been installed; (5) his wife denied any wrongdoing; (6) the electric bill was in appellant's name at the time of the incident, but has since been transferred to his wife's name; (7) Jones believed the tampering of the electric meter at the residence began in 2006 when the meter readings dropped from approximately 4,000 kilowatts a month to 800, and then to double digits; (8) when the kilowatts reached the double digits, appellant's bill was around one dollar, plus some fees; (9) Lafferty testified the account holder

---

[3] The former statute provided, in pertinent part, as follows:

(c) For the purposes of this Section it shall be presumed that a person in whose name. . . power supply is *or was last billed* and who was receiving the economic benefit of said. . . supply, has knowingly tampered with the tangible property of the owner if the. . . supply has been:
(1) diverted from passing through a metering device; or
(2) prevented from being correctly registered by a metering device.

TEX. PEN. CODE ANN. § 28.03(c) (Vernon Supp. 1986) (emphasis added).

appeared to be appellant and his wife; (10) photographic evidence shows the tampering at appellant's residence; and (11) near the time tampering was discovered at appellant's residence, tampering was also discovered at appellant's place of business. Considering the record as a whole, we conclude the evidence was sufficient to support appellant's conviction for criminal mischief. *Brooks*, 323 S.W.3d at 894-95; *Hooper*, 214 S.W.3d at16-17. We overrule appellant's first issue.

## C.  *Reformation of the Judgment*

The trial court's judgment reflects appellant pled "GUILTY" to the offense. Our review of the record shows appellant actually pled "NOT GUILTY."

We have the power to correct a clerical error in a judgment to properly reflect what occurred in the trial court as shown by the record. *See* TEX. R. APP. P. 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App.1992). Therefore, we modify the judgment to reflect appellant pled "NOT GUILTY" to the charged offense.

### CONCLUSION

Having overruled appellant's issues, we affirm the judgment of the trial court as modified.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120105F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID RAY GILES, Appellant

No. 05-12-00105-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F11-14742-Y).

Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to reflect appellant pled "NOT GUILTY" to the charged offense.   In all other respects, we **AFFIRM** the judgment as modified.

Judgment entered March 28, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE