**Shirley Ann CARR and Arturo Vega Gonzales, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. A14–82–055CR, A14–82–054CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1983.

Rehearing Denied June 9, 1983.

Marian S. Rosen, Houston, for appellants.

J. Sidney Crowley, Joe Bailey, of Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

These appeals are from two convictions for the offense of commercially exhibiting obscene material. The jury assessed punishment for each appellant at 180 days in jail, probated for one year, and a fine of $2,000.

Appellants present thirty-two grounds of error for our consideration; however, we only need to discuss three.

The record reflects that on August 6, 1980, Officer G.L. Terrall, complainant, and Officer D.B. Ramsey, both Houston police officers working in the Vice Division, went to the Alray Theatre, paid the $6.00 admission fee to appellant, Shirley Carr, and viewed the film, "Ms. Magnificent." After leaving the theatre, Officer Terrall returned to the Vice office and typed up a report and affidavits for a search warrant authorizing the officers to seize the film.

On August 7, 1980, Officer Terrall and two other officers went back to the Alray Theatre and purchased an admission ticket from appellant, Arturo Vega Gonzales. At the conclusion of the movie, the officers showed the search warrant to Mr. Gonzales and seized the film. Both appellants, Shirley Carr and Arturo Gonzales, were subsequently arrested based on a complaint and information alleging that appellants, knowing the content and character of the material, intentionally exhibited the film, "Ms. Magnificent," to Officer Terrall.

In ground of error twenty-three, appellant contends the trial court erred in ruling that the film, "Ms. Magnificent," was obscene. It is now incumbent upon this court to make an independent determination of whether material alleged to be obscene is factually and constitutionally obscene, if such issue is raised at trial or on appeal. *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983); *Andrews v. State,* 652 S.W.2d 370 (Tex.Cr.App.1983). We have viewed the film, and find it to be both factually and constitutionally obscene. We overrule ground of error twenty-three.

In grounds of error eight and thirteen, appellants argue the trial court erred in finding them guilty because there was insufficient evidence to prove that appellants: (1) exhibited the allegedly obscene film, "Ms. Magnificent," and (2) knew the content and character of the film.

Prior to their arrest, both appellants worked at the Alray Theatre as ticket sellers and concessionaires. There is nothing in the record to show appellants had any managerial duties in operating the theatre, operated the movie projector, had responsibilities for selecting or showing films, or had any financial interest in the theatre. We therefore hold the evidence insufficient to show appellants exhibited the film in issue. *See Skinner v. State,* 652 S.W.2d 773 (Tex.Cr.App.1983); *Acevedo v. State,* 633 S.W.2d 856 (Tex.Cr.App.1982). Appellants also testified, without contradiction, that they had never seen the film, "Ms. Magnificent," nor did Officer Terrall ever see either appellant outside the ticket or concession booths. Therefore, the only manner in which the State could have shown that appellants knew the content and character of the film was by use of the presumption included in TEX.PENAL CODE ANN. § 43.23(e) (Vernon Supp.1982–1983). Section 43.23(e) provides as follows:

(e) A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.

The Court of Criminal Appeals, in its recent decision, *Davis v. State, supra,* held § 43.-23(e) to be unconstitutional. In light of this decision, we find the State failed to show appellants knew the content and character of the film, "Ms. Magnificent."

Accordingly, the judgment is reversed and the cause remanded to the trial court with instructions to enter a judgment of acquittal as to each appellant.