Terrence Gaiser, Houston, for appellant.

Timothy Taft, Houston, for appellee.

**Dale Hardin GALEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–327CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 22, 1983.

Discretionary Review Refused Feb. 29, 1984.

Rehearing Denied April 25, 1984.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

After a non-jury trial, the court found appellant, Dale Hardin Galen, guilty of promotion of obscene material, and assessed a fine of $500. Appellant raises six points of error. In his discussion of his fifth and sixth grounds of error, appellant implicitly challenges the sufficiency of the evidence of his "knowing of the content and character" of the obscene material required by the statute. Tex.Penal Code Ann. § 43.23 (Vernon Supp.1982–83). We sustain this ground of error and reverse.

The stipulated evidence shows that on January 21, 1982, a Houston Police Depart-

---

ment vice officer went to the Jolar Cinema in Houston where he viewed a film the trial court later held to be obscene. Subsequently, officers returned, seized the film pursuant to a search warrant, and arrested appellant, the alleged manager of the theater. The State produced no evidence showing that appellant knew the content and character of the film.

■■ In his fifth and sixth grounds of error, appellant implicitly challenges the sufficiency of the evidence of his knowing the content and character of the film. Appellant argues that there is no evidence that he was on the premises when the film was exhibited, and that his mere presence on the premises after the offense and his position as alleged manager are not culpatory evidence.

This court may review this claim, although it is not an enumerated ground of error. Tex.Code Crim.Proc.Ann. § 40.09(9) (Vernon Supp.1982–83).

Prior to the decision in *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983), the State had to show only that the defendant promoted the film and that the film was obscene. The defendant's knowledge of the film's content and character was presumed. Tex.Penal Code Ann. § 43.23(e) (Vernon Supp.1982–83). In *Davis,* the State relied on the presumption and produced no evidence that the defendant knew the content and character of the film. The Court of Criminal Appeals found the film obscene, but held the presumption unconstitutional, reversed the judgment of the Court of Appeals and remanded the cause to the trial court for it to enter a judgment of acquittal.

In the present case appellant was charged with exhibiting obscene material. The State failed to produce evidence that he knew the content and character of the film.

Accordingly, we reverse the judgment of the trial court and remand the cause with instructions for the trial court to enter a judgment of acquittal.