**Shawn Alexander GREEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–124–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1991.

Paul W. Leech, Grand Prairie, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, David K. Chapman and Christian Harrison, Asst. Crim. Dist. Attys., for appellee.

Before HILL, ,FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Shawn Alexander Green appeals his conviction by the court of the offense of criminal mischief causing diversion of electrical power. TEX. PENAL CODE ANN. sec. 28.03(a)(2) (Vernon Supp.1991); TEX. PENAL CODE ANN. sec. 28.03(c) (Vernon 1989). The court assessed his punishment at a fine of $250. In a sole point of error, Green contends that the evidence is insufficient to support his conviction.

Because we agree that the evidence is insufficient, we reverse and reform the judgment to reflect an acquittal.

The evidence showed that someone diverted electrical energy from an outlet owned by the homeowners' association at the townhouse where Green resided by running an extension cord from the outlet to Green's townhome. The electric service at the townhome was carried in Green's name. No evidence was presented to show that it was Green, and not his wife or some other person, who diverted the electricity by plugging the extension cord into the homeowners' outlet.

The State acknowledges that the evidence created by the statutory presumption under the Texas Penal Code section 28.03(c) is insufficient to support Green's conviction and that no other evidence linking Green to the diversion was presented at trial. The State contends, however, that the case should be reversed and remanded. We agree that the evidence is insufficient to support a conviction, but we also find that the case should not be remanded and that the judgment should be reformed to reflect an acquittal. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Davis v. State,* 658 S.W.2d 572, 580, 582 (Tex.Crim. App.1983).

To support its contention that the case should be remanded, the State relies on the cases of *Shealy v. State,* 675 S.W.2d 215 (Tex.Crim.App.1984); *Gonzales v. State,* 676 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1984), *pet. ref'd,* 689 S.W.2d 231 (Tex.Crim.App.1985); and *Gersh v. State,* 714 S.W.2d 80 (Tex.App.—Dallas 1986), *pet. ref'd,* 738 S.W.2d 287 (Tex.Crim.App.1987).

In *Shealy,* the Texas Court of Criminal Appeals held that the trial court erred by instructing the jury in an obscenity case that it could find the appellant knew the content and character of a magazine he sold solely because of a statutory presumption that a person who promotes obscene material is presumed to do so with knowledge of its content and character. *Shealy,* 675 S.W.2d at 217. The court affirmed the Court of Appeals decision to reverse and remand, without any discussion of double jeopardy. The appellant in *Shealy* did not raise an issue of the sufficiency of the evidence.

In *Gonzales,* the Court of Appeals relied on *Shealy* in determining that the cause should be reversed and remanded when reversed upon an insufficiency of the evidence question arising from the State's reliance on an unconstitutional presumption. *Gonzales,* 676 S.W.2d at 439–40. In *Gersh,* the Court of Appeals relied on *Gonzales. Gersh,* 714 S.W.2d at 82.

We hold that the court in *Gonzales* incorrectly applied *Shealy* because *Shealy* did not involve a reversal based upon the insufficiency of the evidence, as noted by the Court of Criminal Appeals in its opinion upon refusing the State's petition for dis-

cretionary review in which the State challenged the court of appeals' reversal. *Gonzales,* 689 S.W.2d at 232. The court in *Gersh* therefore erred in relying on *Gonzales.* We note that *Davis,* the case upon which we rely, did involve the issue of sufficiency of the evidence. In that case, the Texas Court of Criminal Appeals, noting the same unconstitutional presumption that was later discussed in *Shealy,* stated that Davis was entitled to an acquittal and reversed and reformed the judgment to reflect an acquittal, based upon *Burks* and *Greene. Davis,* 658 S.W.2d at 580, 582.

The State also relies on the case of *Hoyle v. State,* 672 S.W.2d 233 (Tex.Crim.App. 1984). In that case the cause was remanded to the trial court for a new trial because of the error of the court's instruction as to the same unconstitutional presumption as was involved in *Davis.* However, in *Hoyle* no question was raised as to the sufficiency of the evidence. We therefore do not find *Hoyle* to be in conflict with *Davis.* We sustain Green's sole point of error.

We reverse and reform the judgment to reflect an acquittal.