Shawn Alexander GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1197–91.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 22, 1995.

Paul W. Leech, Grand Prairie, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and Lisa C. McMinn, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant was convicted before the trial court for criminal mischief and assessed a fine of $250. *See* V.T.C.A., Penal Code, Section 28.03(a)(2). On direct appeal, the Fort Worth Court of Appeals reversed the conviction, holding that the evidence was insufficient to support the conviction, and ordered the judgment reformed to reflect an acquittal. *Green v. State,* 815 S.W.2d 906 (Tex. App.—Fort Worth 1991). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in ordering the acquittal. We will reverse that portion of the Court of Appeals' decision, and remand the case to the trial court for a new trial.

Because the appellant challenged the sufficiency of evidence at both stages of trial, a brief review of the facts is necessary. The State presented evidence at trial that showed that someone diverted electrical energy from an outlet owned by the homeowners' association at the town house complex where appellant lived by running an extension cord from that outlet to appellant's individual town home, without the permission of the homeowners' association. The electrical service at the town home was in appellant's name, as was the lease to the town home.

The State relied on V.T.C.A., Penal Code, Section 28.03(c), which permits a presumption that the person in whose name the utility service is billed is the person who tampered with the tangible property of the owner when the supply has been diverted from passing through a metering device. The State, relying on the presumption, presented no other evidence of identity. The appellant presented no evidence.

On appeal, the Court of Appeals found, and the State acknowledged, that the presumption was unconstitutional as applied to appellant. *See Gersh v. State,* 714 S.W.2d 80 (Tex.App.—Dallas 1986), *pet. ref'd,* 738 S.W.2d 287 (Tex.Cr.App.1987). The State claimed that its reliance on the unconstitutional presumption was trial error, and as such required reversal and remand to the trial court for a new trial. The Court of Appeals disagreed, and instead concluded that the evidence presented at trial, without the presumption, was insufficient to support the conviction. The Court of Appeals re-

**538**

versed and ordered the judgment reformed to reflect acquittal.

■ In its only ground for review, the State claims its reliance on the presumption was trial error, and that the Court of Appeals should have remanded the case for a new trial, rather than reforming the verdict to reflect an acquittal. The State contends the Court of Appeals erred in excluding the improper presumption from its analysis of the sufficiency of the evidence. The State argues that there is conflicting authority from this Court on the proper remedy when a presumption is held invalid and therefore sufficiency of the evidence supporting a conviction is challenged.

■ When evidentiary sufficiency is challenged, the evidence is reviewed by the appellate court in the light most favorable to the prosecution. *Skinner v. State,* 652 S.W.2d 773, 776 (Tex.Cr.App.1983). It is well settled that the reviewing court must consider *all* evidence presented at trial, including evidence that was improperly admitted. *Lockhart v. Nelson,* 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988); *see Roeder v. State,* 688 S.W.2d 856, 859–60 (Tex. Cr.App.), *cert. denied,* 474 U.S. 988, 106 S.Ct. 396, 88 L.Ed.2d 349 (1985). The incorrect receipt or rejection of evidence is considered a trial error, and the State should be allowed to retry the appellant if it chooses. *See Burks v. United States,* 437 U.S. 1, 14–15, 98 S.Ct. 2141, 2148–49, 57 L.Ed.2d 1 (1978); *see also Greene v. Massey,* 437 U.S. 19, 25–26, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *Messer v. State,* 729 S.W.2d 694, 697 (Tex.Cr. App.1987). It is also well settled that if, considering all the evidence (including the improperly admitted evidence) before the trial court, the appellate court determines that the evidence is insufficient to support a conviction, the proper procedure is to reverse and order the judgment reformed to reflect an acquittal. *Burks,* 437 U.S. at 18, 98 S.Ct. at 2150; *Messer,* 729 S.W.2d at 697.

The State relies on several cases where the use of an improper presumption at trial resulted on appeal in reversal and remand for retrial. *Gersh; Gonzales v. State,* 676 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1984), *pet. ref'd,* 689 S.W.2d 231 (Tex.Cr.App.

1985); *Shealy v. State,* 675 S.W.2d 215 (Tex. Cr.App.1984). In *Gersh,* a case addressing the same presumption at issue in the instant case, the Dallas Court of Appeals held that "[t]he proper procedure when the Court holds a presumption invalid is to remand the cause to the trial court." *Gersh,* 714 S.W.2d at 82. This Court, in refusing the State's petition for discretionary review, stated, "[w]e believe that [the Court of Appeals] reached the correct result for the correct reasons." *Gersh,* 738 S.W.2d at 287.

The Fort Worth Court of Appeals, in ordering reformation of the judgment to reflect acquittal, relied only on our decision in *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983). *Davis* also involved a constitutionally defective presumption, and on appeal in that case, this Court reversed the conviction and ordered acquittal. For the reasons stated below, we hold the Court of Appeals misapplied *Davis* to this case.

In *Davis,* the defendant was found guilty at trial of promoting obscenity and the judgment was affirmed by the Waco Court of Appeals. At trial, the State relied on a presumption in V.T.C.A., Penal Code, Section 43.23(e) to prove the defendant knew that the material he was promoting was obscene. This Court reversed, stating that "[a]bsent reliance upon the presumption, the proof offered did not establish that appellant knew the allegedly obscene content and character of the film. He is entitled to an acquittal." *Davis,* 658 S.W.2d at 580. This language is misleading. Upon careful perusal of the entire opinion, it is apparent that the ground for reversal and acquittal is not the insufficiency of the evidence *sans* the unconstitutionally applied presumption, but rather the insufficiency of the rest of the State's case to prove the facts necessary to invoke the presumption in the first place. The presumption in V.T.C.A., Penal Code, Section 43.23(e) is invoked when "a person ... *promotes* or wholesale promotes *obscene material.*" (Emphasis added.) The State failed to establish the facts necessary to invoke the presumption, i.e., proof that the appellant had exhibited the film, thereby "promoting" it, *Davis,* 658 S.W.2d at 576, or even that the film was "obscene." *Id.* at 581. *See*

V.T.C.A., Penal Code, Sections 43.21(a)(1) and (5), 43.23(c) and (e). The proper result was thus reached in *Davis:* because of insufficient evidence to even *invoke the presumption,* the conviction was reversed, and acquittal ordered.

The State in the instant case did not fail to prove beyond a reasonable doubt the facts necessary to raise the presumption it relied on at trial. Under V.T.C.A., Penal Code, Section 28.03(c), in order to invoke the presumption, the State needed to show that appellant was the person in whose name the electricity was last billed, that appellant was receiving the economic benefit of the electricity, and that the electricity had been diverted from passing through a metering device. The trial court could have found such facts to be true beyond a reasonable doubt, and indeed *would* have found them true in order to reach a guilty verdict.

Since the evidence was sufficient to establish the facts necessary to raise the presumption, and since the presumption was unconstitutional as applied to appellant, the reliance on the presumption was trial error, and the correct procedure on appeal is to reverse the conviction and remand to the trial court for a new trial. We therefore vacate that portion of the Court of Appeals' judgment ordering acquittal, and remand the case to the trial court for retrial.

OVERSTREET, J., dissents.

MEYERS, J., not participating.

BAIRD, Judge, concurring.

The issue is whether an acquittal or a retrial is appropriate when a conviction is based on the fact finder's use of an unconstitutional statutory presumption. The issue stems from *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983), where we held the statutory presumption of Tex.Penal Code Ann. § 43.23(e) unconstitutional. We then held the evidence, without the presumption, insuf-

ficient to support the conviction and ordered an acquittal. *Id.,* 658 S.W.2d at 581–582. The plurality and dissenting opinions are grounded upon their respective interpretations of *Davis.*

I.

A.

The plurality erroneously concludes we ordered an acquittal in *Davis* because, regardless of its constitutionality, the State "failed to establish the facts necessary to invoke the presumption." *Ante,* p. 539. As the dissent correctly notes, *Davis* was not premised on insufficient proof to raise the presumption. *Post,* pp. 542–543. Rather, we assumed the evidence was sufficient, *Davis,* 658 S.W.2d at 578, and held, in essence, the presumption was facially unconstitutional:

> We are aware of the usual rules governing statutory presumptions. However, we believe that because the statutory presumption in this instance is applicable to a First Amendment right that this makes the usual rules governing construction of presumptions inapplicable to this cause. Our research has yet to reveal a single instance where a statutory presumption, such as this one, which could infringe upon the freedoms of speech or press, has, standing alone, ever survived constitutional challenge or muster....

*Davis,* 658 S.W.2d at 578–79.

Because the plurality opinion is premised on a misreading of *Davis,* I am unable to join that opinion.

B.

The dissent's reliance on *Davis* is equally erroneous because the portion of *Davis* that ordered an acquittal was *sub silentio* overruled by *Gersh v. State,* 714 S.W.2d 80 (Tex. App.—Dallas 1986), pet. ref'd, 738 S.W.2d 287 (Tex.Cr.App.1987).[1] In *Gersh,* the Court of Appeals held the statutory presumption in

---

1. The dissent argues the instant case is controlled by *Davis:*

> *Davis* ... is fully applicable to the instant case. As in *Davis,* the appellant below was convicted on the basis of an unconstitutional presumption. Without that presumption, there is insufficient

evidence to support his conviction. We held in *Davis* that, absent an unconstitutional presumption, the proof was insufficient to support a conviction, and that Davis was "entitled to an acquittal." *Id.,* at 580. We must likewise order an acquittal here, or else overrule *Davis.*
*Post,* p. 543.

Tex.Penal Code Ann. § 28.03(c) unconstitutional. *Id.,* 714 S.W.2d at 81. The Court of Appeals, relying on *Gonzales v. State,* 676 S.W.2d 437, 439 (Tex.App.—Houston [1st Dist.] 1984), held the proper remedy when an appellate court holds a presumption invalid is to remand the case to the trial court. *Id.,* 714 S.W.2d at 82. Our refusal of the State's petition for discretionary review expressly adopted the Court's reasoning:

> As is true in every case where discretionary review is summarily refused, such refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App.1983).

> In this case, however, we have reviewed the record and agree with the Court of Appeals opinion. We believe that they reached the correct result for the correct reasons in deciding this issue.

*Gersh,* 738 S.W.2d at 287.

The dissent argues that our opinion in *Gersh* is not controlling because a refusal of discretionary review has no precedential value under *Sheffield,* 650 S.W.2d at 813. *Post,* p. 544, n. 6. This conclusion is erroneous because *Sheffield* is limited to summary refusals of petitions for discretionary review and opinions refusing the petitions which disavow the reasoning employed by the courts of appeals.[2] *Sheffield* is not implicated in situations like *Gersh,* where we adopt the reasoning and rationale of the Court of Appeals. The dissent errs in failing to recognize this distinction. *Gersh sub silentio* overruled that portion of *Davis* requiring an acquittal.

## II.

### A.

Moreover, treating this type of error as trial error is consistent with our treatment of inadmissible evidence when conducting a sufficiency review. If the sufficiency of the evidence is challenged following a jury trial, appellate courts consider all of the evidence presented whether properly or improperly admitted. *Rodriguez v. State,* 819 S.W.2d 871 (Tex.Cr.App.1991). *See also, Fuller v. State,* 827 S.W.2d 919, 931 (Tex.Cr.App.1992); *Nickerson v. State,* 810 S.W.2d 398, 400 (Tex. Cr.App.1991); *Chambers v. State,* 805 S.W.2d 459, 460 (Tex.Cr.App.1991); *Livingston v. State,* 739 S.W.2d 311, 329 (Tex.Cr.App.1987); *and, Dunn v. State,* 721 S.W.2d 325, 327 (Tex.Cr.App.1986). Our review is the same when the sufficiency of the evidence is challenged following a trial before the court. *Gipson v. State,* 844 S.W.2d 738 (Tex.Cr.App. 1992).

If, after considering all of the evidence, we find the evidence sufficient, that point of error is overruled. *Rodriguez,* 819 S.W.2d 871. If we subsequently, find a portion of the evidence was inadmissible, we determine whether the improperly admitted evidence contributed to the verdict. Tex.R.App.P. 81(b)(2).

In the setting of an unconstitutional presumption, the fact finder is entitled to rely on the presumption, Tex.Penal Code Ann. § 2.05, in reaching its verdict just as it is entitled to rely on improperly admitted evidence. In this limited context, there should be no distinction between improperly admitted evidence and an unconstitutional statutory presumption; such unconstitutional presumptions should be considered when determining whether the evidence is sufficient.

### B.

In this case, appellant waived a jury and his trial was before the court. During its closing argument, the State encouraged the trial judge to rely upon the unconstitutional presumption. Further, the Court of Appeals determined the evidence, absent the pre-

---

**2.** In *Sheffield,* we stated:

> To prevent any misunderstanding, we take this opportunity to emphasize that the summary refusal of a petition for discretionary review by this Court is of no precedential value. This is true where the petition is refused without opinion, as is the usual practice, as well as where the petition is refused with a

> brief opinion disavowing the reasoning employed by the Court of Appeals, as in the instant case. The Bench and Bar of the State should not assume that the summary refusal of a petition for discretionary review lends any additional authority to the opinion of the Court of Appeals.

> *Id.,* 650 S.W.2d at 814.

sumption, was insufficient to sustain the conviction. *Green*, 815 S.W.2d at 908. Consequently, appellant is entitled to a new trial because the trial judge relied on the presumption to convict. Rule 81(b)(2).

With these comments, I join only the judgment of the Court.

CLINTON, Judge, dissenting.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy."[1] The United States Supreme Court, and this Court, have long held that the Double Jeopardy Clause bars the retrial of a person who has been acquitted because of insufficient evidence. See, e.g., *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983). Because the plurality today misinterprets

*Davis* and ignores the crucial distinction between trial error and insufficiency of the evidence, I respectfully dissent.

*I.*

The plurality opinion accurately recites the facts and the procedural history of the case *sub judice*. Shawn Alexander Green was convicted of violating V.T.C.A. Penal Code, § 28.03, criminal mischief, by unlawfully diverting electrical energy to his town house.[2] During a bench trial, the State relied upon the statutory presumption in § 28.03(c) to link appellant to the diversion of electricity.[3] Green appealed to the Fort Worth Court of Appeals, contending that the evidence was insufficient to support his conviction. On appeal, the State conceded that 1) the presumption was unconstitutional as applied to appellant, and 2) the presumption was necessary for a conviction.[4] It asked that the case

---

1. The Fifth Amendment is applied to the states through application of the Fourteenth Amendment. *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15, 21 (1978) ("the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings").

    The State, in bringing this petition, does not cite the Fifth Amendment. However, it bases its argument on cases from the United States Supreme Court and this Court which *are* grounded in double jeopardy jurisprudence. Nothing we do today implicates either Article 1, Section 14 of the Texas Constitution—the Texas Double Jeopardy Clause—or its statutory analogue, Article 1.10, V.A.C.C.P. See *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991).

2. V.T.C.A. Penal Code, § 28.03(a)(2) provides that "[a] person commits an offense if, without the effective consent of the owner ... he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person." The offense is a felony of the third degree, under § 28.03(b)(4)(B), if, *inter alia:*

    "regardless of the amount of pecuniary loss, the actor causes in whole or in part impairment or interruption of public communications, public transportation, public water, gas, or power supply, or other public service, or diverts, or causes to be diverted in whole, in part, or in any manner, including installation or removal of any device for such purpose, any public communications, public water, gas, or power supply[.]"

3. Subsection 28.03(c) provides:

"For the purposes of this section, it shall be presumed that a person in whose name public communications, public water, gas, or power supply is or was last billed and who is receiving the economic benefit of said communication or supply, has knowingly tampered with the tangible property of the owner if the communication or supply has been:
(1) diverted from passing through a metering device; or
(2) prevented from being correctly registered by a metering device; or
(3) activated by any device installed to obtain public communications, public water, gas, or power supply without a metering device."

4. Had the State contested the issue of the validity of the presumption used in this case, we would be faced with a different issue, one which, despite the State's concession, we have not addressed: namely, whether the presumption in § 28.03(c) was constitutional as applied. Were we called upon to decide that question, our answer would not be as straightforward as the State's ready concession would indicate.

    The only permissive presumption this Court has invalidated is the one in V.T.C.A. Penal Code, § 43.23(e). See *Davis* and progeny, infra. In *Davis*, however we "relied upon the First Amendment implications of the presumption in reaching [our] decision, and acknowledged that the holding departed from the 'usual rules' governing presumptions in Texas." Gerald S. Reamey, Offenses and Defenses in Texas 361 (2d ed. 1993) (footnotes omitted); see also *Hall v. State*, 661 S.W.2d 101, 104 (Tex.Cr.App.1983) (Teague, J., concurring) (opining that the *Davis* presumption

be remanded for a new trial. The court of appeals instead ordered an acquittal, finding that the evidence was insufficient to support a conviction in the absence of the unconstitutional presumption. *Green v. State*, 815 S.W.2d 906 (Tex.App.—Fort Worth 1991).

We granted discretionary review to answer the following question: "When the State relies on a statutory presumption in order to prove identity and the presumption is unconstitutional as applied, is the proper remedy to reverse and remand for trial error or to reverse and order an acquittal if the evidence of identity, without the presumption, is insufficient?" State's Petition at 2.

In ordering an acquittal, the court of appeals relied on our opinion in *Davis*, supra. This Court, in vacating the court of appeals' judgment and remanding for a new trial, ignores the clear meaning of *Davis* by finding that after "careful perusal of the entire opinion, it is apparent that the ground for reversal and acquittal (in *Davis*) is not the insufficiency of the evidence *sans* the unconstitutionally applied presumption, but rather the insufficiency of the rest of the State's case to prove the facts necessary to invoke the presumption in the first place." Majority op. at 538. This is a gross misreading of *Davis*, one which allows the plurality to blur the distinction between an appeal based upon trial error and one based upon insufficiency of the evidence.

### II.

The plurality's "careful perusal" notwithstanding, *Davis* was in fact grounded upon "insufficiency of the evidence *sans* the unconstitutionally applied presumption." In *Davis*, the appellant was charged with violating V.T.C.A. Penal Code, § 43.23 by exhibiting an obscene film. *Davis*, 658 S.W.2d at 574. The State, in obtaining a conviction, relied upon a statutory presumption, *viz:* "A person who promotes ... or possesses obscene material ... with intent to promote it ... in the course of his business is presumed to do so with knowledge of its content and character." § 43.23(e), supra; *Davis*, supra, at 576.

is facially unconstitutional only where the First

Trial was to the court on stipulated evidence. *Davis*, supra, at 574. The stipulation provided that an undercover Houston vice officer, one G.P. Hugo, had viewed an obscene film, "Little Yummy," in a quarter-operated "peep show" at an adult book store where the defendant was employed. The defendant made change for the officer, but "had nothing whatsoever to do with activating or operating the projector" for the film. *Id.*, at 575. This Court found the stipulated evidence insufficient to support Davis' conviction, holding that "[t]he State had the burden to establish that appellant ... 'exhibited' the film entitled 'Little Yummy' to Hugo, *and in doing so he knew the character and content of the film.*" *Id.*, at 576 (emphasis in the original).

Our analysis in *Davis* involved two elements of the obscenity statute: 1) exhibition of the film; and 2) knowledge of its character and content. *Id.* The plurality misreads *Davis* to find it based on an absence of the exhibition element; it was, instead, based on an insufficiency of the evidence to support the knowledge element. This is clear from the plain language of *Davis:*

"[I]t becomes readily apparent to us that the only way one could conclude that appellant had knowledge of the character and content of the film entitled 'Little Yummy,' which is a necessary element of the offense of exhibiting obscene material to another, is through the presumption contained in subsection 43.23(e), which presumption appellant claims is unconstitutional, facially and as applied to this cause."

*Id.*

Because of a split in the courts of appeals, we undertook in *Davis* to "discuss and decide the validity of the presumption." *Id.* After a recitation of the applicable federal First Amendment law, we declared that "the presumption provided by Sec. 43.23(e) must fall." *Id.*, at 578. We held:

"Closely read, in conjunction with the offense itself, the presumption actually creates or makes the offense of promotion of obscenity a strict criminal liability offense, as to knowledge of the content and charac-

Amendment is implicated).

ter of the material.... Appellant's guilty 'knowledge' of the character and content of the film has been supplied through the presumption, by the mere fact of exhibiting the film to Hugo, *assuming arguendo that appellant did 'exhibit' the film to Hugo.*"

*Id.* (emphasis added).

This flies in the face of the plurality's declaration today that the State, in *Davis*, "failed to establish the facts necessary to invoke the presumption, i.e., proof that the appellant had exhibited the film, thereby promoting it." Majority op. at 538. To the contrary, we expressly stated in *Davis* that "it is not necessary to make the determination whether appellant actually 'exhibited' the film," *Davis*, 658 S.W.2d at 580, because we had assumed exhibition, *arguendo*, in order to address the validity of the presumption, *id.*, at 578.

*Davis*, then, is fully applicable to the instant case. As in *Davis*, the appellant below was convicted on the basis of an unconstitutional presumption. Without that presumption, there is insufficient evidence to support his conviction. We held in *Davis* that, absent the unconstitutional presumption, the proof was insufficient to support a conviction, and that Davis was "entitled to an acquittal." *Id.*, at 580. We must likewise order an acquittal here, or else overrule *Davis*.

That, of course, is what the State has asked us to do,[5] but what the plurality avoids by its unconvincing attempt to distinguish *Davis*.

### III.

The State's argument changed little on the trip from the court of appeals to this Court. It urges this Court to find that reliance on an invalid presumption "is tantamount to the use of inadmissible evidence" and that "even improperly admitted evidence is considered in determining evidentiary sufficiency." State's Brief on Petition for Discretionary Review at 6. The State, unlike the plurality, recognizes that this is in direct opposition to our holding in *Davis*. It asks us to overrule

*Davis* as inconsistent with both (A) our own subsequent decisions, and (B) United States Supreme Court opinions on the proper review of sufficiency of the evidence. I will address the State's contentions *seriatim.*

### A.

The first part of the State's argument is grounded shakily in three cases: *Shealy v. State*, 675 S.W.2d 215 (Tex.Cr.App.1984); *Gersh v. State*, 714 S.W.2d 80 (Tex.App.—Dallas 1986), *pet. ref'd*, 738 S.W.2d 287 (Tex. Cr.App.1987); and *Gonzales v. State*, 676 S.W.2d 437 (Tex.App.—Houston [1st] 1984), *pet. ref'd*, 689 S.W.2d 231 (Tex.Cr.App.1985).

In *Shealy*, as in *Davis*, this Court affirmed a court of appeals decision to reverse an obscenity conviction because of the unconstitutional presumption in subsection 43.23(e). Unlike *Davis*, however, the court of appeals in *Shealy* had remanded for a new trial. *Shealy*, 675 S.W.2d at 217. This was so despite the fact that the court of appeals had based its holding in *Shealy* on our holding in *Davis*. See *id.*, at 216 ("the Court of Appeals expressly relied upon this Court's decision of *Davis* "). We affirmed both the reversal and the remand, *id.*, at 217, not because we were in any way limiting or overruling *Davis* (which had, after all, been decided only the year before), but because of the posture of *Shealy* on appeal. In *Davis*, the appeal was grounded in insufficiency of the evidence. In *Shealy*, it was grounded in trial error. *Id.*, at 216; see also *Gonzales*, 689 S.W.2d at 232 (refusing discretionary review) ("the question of sufficiency of the evidence was not before this Court in *Shealy* "); *Green*, 815 S.W.2d at 907 ("The appellant in *Shealy* did not raise an issue of the sufficiency of the evidence."). In other words, in *Shealy* the purported error on appeal was submission of the presumption in the jury charge—irrespective of whether the evidence was sufficient either with or without the presumption.

*Shealy*, therefore, is not in conflict with *Davis*. Instead, it is in accord with an entire line of post-*Davis* cases in which the remedy after reversal depended upon the posture on

---

**5.** State's Brief on Petition for Discretionary Review at 6, n. 2 ("If this Court rules in the State's favor, the contrary language in *Davis* should be explicitly overruled.").

appeal (none of which is cited by the State). See *Leu v. State,* 663 S.W.2d 456, 457 (Tex. Cr.App.1984) (reversing and acquitting based on *Davis* ); *Hoyle v. State,* 672 S.W.2d 233, 234–35 (Tex.Cr.App.1984) (reversing and remanding based on *Davis* and *Shealy* because of error in the trial court's charge, which resulted because of an instruction to the jury on the presumption); *Galen v. State,* 672 S.W.2d 235, 236 (Tex.App.—Houston [14th] 1983, pet. ref'd) (reversing and acquitting under *Davis* ); *Burch v. State,* 695 S.W.2d 264, 265–66 (Tex.App.—Houston [1st] 1985) (evidence insufficient; reversed and acquitted under *Davis* ), *pet. ref'd,* 712 S.W.2d 163 (Tex.Cr.App.1986); *Knighton v. State,* 666 S.W.2d 386, 388–90 (Tex.App.—Houston [1st] 1984, pet. ref'd) (evidence insufficient absent presumption; reversed and acquitted under *Davis* ); *Carr v. State,* 658 S.W.2d 653, 654 (Tex.App.—Houston [14th] 1983, no pet.) (same).

Instead of explaining how its argument comports with these cases, the State cites two court of appeals opinions in which we refused discretionary review, *viz: Gersh* and *Gonzales,* supra. In *Gonzales,* the court of appeals reversed for insufficiency of the evidence after finding the presumption in the obscenity statute invalid. *Gonzales,* 676 S.W.2d at 438–39. Noting that such a reversal "normally would cause us to reform the judgment to an acquittal," the Court of Appeals cited this Court's then-recent remand in *Shealy* and "assume[d], without holding, that the Court viewed Shealy as an example of trial error." *Id.,* at 439. It thus remanded the case for a new trial. *Id.,* at 440. As noted *ante,* however, *Shealy* was not appealed on the basis of insufficiency of the evidence. The *Gonzales* court thus erred. The State, in urging *Gonzales* as authority for its argument in the instant case, makes the same mistake. In refusing the State's petition for discretionary review in *Gonzales,* we not only pointed out the lack of a sufficiency point in *Shealy,* but also expressly disavowed

the *Gonzales* court's reasoning. *Gonzales,* 689 S.W.2d at 232.

*Gersh* likewise is of no support to the State, although perhaps less obviously so. In *Gersh,* the court of appeals declared invalid the same statutory presumption at issue here today, overruled the appellant's "no evidence point," and remanded for a new trial. *Gersh,* 714 S.W.2d at 82. In refusing discretionary review, this Court issued what amounts to a brief advisory opinion, writing that "we have reviewed the record and agree with the Court of Appeals opinion [and] believe that they reached the correct result for the correct reason in deciding *this issue." Gersh,* 738 S.W.2d at 287 (emphasis added). The State argues that this "opinion" refusing review "indicates a full and complete approval of the Court of Appeals' opinion, including the holding that the case should be remanded for a new trial." State's Brief on Petition for Discretionary Review at 4. That argument is without merit.

It is unclear what precedential value, if any, an "opinion" refusing discretionary review has,[6] but, whatever its value, it is misapplied here. Our "opinion" in *Gersh,* on its face, declares that the court of appeals "reached the correct result ... in deciding this issue." *Gersh,* 738 S.W.2d at 287 (emphasis added). "This issue"—the "one ground of review"—was whether "the presumption provided in the text (sic) Penal Code Annotated Section 28.03 (Vernon Supp. 1986) was unconstitutionally applied in this case." *Id.* We were not called upon to consider whether remand or acquittal was the appropriate remedy in *Gersh,* and that, of course, is the only issue before us today. In short, our own case law does not support the State's contention.

#### B.

The State's federal law argument is less well developed. In essence the State simply contends that the holding it urges is in accord with the applicable precedent from the

---

6. It is well settled that we neither endorse nor adopt the opinion of a court of appeals when we refuse discretionary review. See *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App.1983). The "opinion" refusing review in *Gersh* may imply that the holding in *Sheffield* applies only to those petitions which are *summarily* refused. *Gersh,* 738 S.W.2d at 287. We need not address that issue here.

United States Supreme Court. I disagree. The State cites three Supreme Court cases as supporting its argument: *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We thoroughly analyzed both *Burks* and *Greene* in *Messer v. State*, 729 S.W.2d 694 (Tex.Cr.App.1987) (opinion on rehearing), and further review is not warranted here. Suffice it to say, *Burks* first recognized the difference between trial error and insufficiency of the evidence, and *Greene*, which was decided by the Supreme Court on the same day, applied that holding through the Fourteenth Amendment to the states. *Nelson*, which is the most recent Supreme Court case to address this issue, reaffirmed the holdings in *Burks* and *Greene*. *Nelson*, 488 U.S. at 39, 109 S.Ct. at 290, 102 L.Ed.2d at 272–73. It also decided a question expressly reserved in *Greene*, *viz:* whether both properly and improperly admitted evidence should be considered by a reviewing court in determining the sufficiency of the evidence on appeal. *Id.* The Court decided that question in the affirmative. *Id.*

*Nelson, et al.*, bring us to the crux of the State's argument, which the plurality ignores in its haste to distinguish *Davis, viz:* 1) that under *Nelson* both improperly and properly admitted evidence must be considered in a sufficiency review; and 2) that the presumption used below amounts to improperly admitted evidence that, thus, must be considered. As the State put it: "Since the evidence, including that supplied by the presumption, was sufficient to support the conviction, the State may retry Appellant if it chooses." State's Brief on Petition for Discretionary Review at 6.

The State, however, ignores one simple fact: a presumption is not evidence nor does it "supply" evidence. To the contrary, a presumption is an "inference," one which is "supplied" by evidence. See *County Court of Ulster County v. Allen*, 442 U.S. 140, 156–57, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777, 792 (1979) (a "common evidentiary device is the entirely permissive inference or presumption"); *Willis v. State*, 790 S.W.2d 307, 309 (Tex.Cr.App.1990) ("[p]resumptions and inferences are evidentiary devices"); see also Gerald S. Reamey, Criminal Offenses and Defenses in Texas 359 (2d ed. 1993) ("permissive presumptions or inferences may be used as a deductive device"); Black's Law Dictionary 1349 (4th ed. 1968) (defining presumption as "[a]n inference affirmative or disaffirmative of the truth or falsehood of any proposition of fact"); see generally Op.Tex.Att'y Gen. No. JM–456 (1986).

Here the State conceded, and the court of appeals found, that the statutory presumption was invalid. Outside the context of the First Amendment, as in *Davis*, a presumption that takes the form of a permissive inference [7] is constitutionally invalid "only if, under the facts of the case, there is no rational way the trier of fact could make the connection permitted by the inference." *Ulster County*, 442 U.S. at 157, 99 S.Ct. at 2225, 60 L.Ed.2d at 792.[8] That being the case, it does not matter whether the facts are sufficient to invoke the presumption. Under *Ulster County* a presumption is only invalid when, after considering *all* the evidence, the inference purportedly supplied by the presumption is nevertheless irrational. This necessarily means that when an appellate court declares a permissive presumption invalid, unless there is other evidence from which the element purportedly supplied by the presumption may be otherwise rationally inferred beyond a reasonable doubt, it has essentially found the evidence to be insufficient under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[9]

In *Nelson* the Supreme Court observed:

---

7. Under V.T.C.A. Penal Code, § 2.05(2)(B), a jury that finds facts giving rise to a statutorily defined presumption beyond a reasonable doubt "may find that the element of the offense sought to be presumed exists, but it is not bound to so find[.]"

8. Again, our grant of discretionary review did not embrace the question whether the presump-

tion under § 28.03(c) was in fact constitutionally invalid as applied to this cause. See n. 4 *ante.*

9. I am inclined to agree with Justice Powell's dissent in *Ulster County* to the effect that a presumption in the form of a permissive inference is unconstitutional if the facts sufficient to invoke the presumption do not alone rationally support

"The basis for the *Burks* exception to the general rule that reversal on appeal results in remand for new trials is that a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence. A trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence which is considered by the reviewing court."

488 U.S. at 41–42, 109 S.Ct. at 291, 102 L.Ed.2d at 274. In the instant cause the court of appeals considered the "same quantum of evidence" that the trial court did. The court of appeals did not refuse to take into account in its sufficiency analysis evidence admitted as a result of trial error. Instead, it considered the same evidence as the trial court, and found it insufficient. That that evidence may have been sufficient to invoke the § 28.03(c) presumption does not make a whit of difference if the inference underlying the presumption is not a rational one. The court of appeals in this case found no other evidence to prove beyond a reasonable doubt the element the presumption is aimed at.

Moreover, whether the trial court committed trial error in utilizing the presumption does not change the fact that the full "quantum of evidence" it relied upon to support the conviction was insufficient under *Jackson v. Virginia,* supra. Indeed, it is quite possible for evidence to be insufficient even considering that part which was admitted erroneously. For example, a trial court commits trial error when it admits hearsay evidence over objection. If that error is raised on appeal, and does not prove harmless beyond a reasonable doubt, the proper remedy is reversal and remand for new trial. Against a further claim that without that hearsay evidence there is insufficient evidence to support a conviction, the answer given by both the Supreme Court and this Court is that we do not conduct sufficiency analyses that way. *Nelson,* supra; *Porier v. State,* 662 S.W.2d

602, 605–06 (Tex.Cr.App.1984); *Collins v. State,* 602 S.W.2d 537 (Tex.Cr.App.1980) (Roberts, J., concurring). But we have always entertained the claim that evidence is insufficient even considering hearsay admitted as a result of trial error, *Collins,* supra, at 540, and, sustaining such a claim, we have reversed and acquitted on authority of *Burks* and *Greene.*

Here the court of appeals accepted the State's concession that the trial court's reliance upon the § 28.03(c) presumption was trial error. But appellant did not merely claim "trial error," and the court of appeals ruled that all of the evidence considered by the trial court was insufficient to support a conviction. Consistent with *Burks* and *Greene,* and, for that matter, *Davis,* the court of appeals had no alternative but to order entry of a judgment of acquittal.

I respectfully dissent.

MALONEY, J., joins this dissent.

---

the intended inference. 442 U.S. at 176, 99 S.Ct. at 2234–2235, 60 L.Ed.2d at 804. That view did not carry the day. If it had, a holding that a presumption is unconstitutional would *still* be

tantamount to declaring the evidence insufficient if no other evidence was admitted to establish the element of proof which the presumption was meant to facilitate.