TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00625-CR






Raymond Unwin, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 531-683, HONORABLE DAVID CRAIN, JUDGE PRESIDING







At a bench trial, appellant Raymond Unwin was adjudged guilty of driving while
intoxicated and sentenced to incarceration for 180 days. See Tex. Penal Code Ann. § 49.04 (West
Supp. 2000). Appellant contends the court erroneously permitted an unqualified witness to testify
as an expert and that the evidence is insufficient to sustain the conviction. We will overrule these
contentions and affirm.

Appellant was stopped while driving on Interstate 35 by Austin Police Officer
Elizabeth Morrell. Morrell testified that appellant "was weaving in his lane of traffic and crossing
a marked lane and straddling the outside and middle lane" of the highway. Appellant also failed
to signal a turn. Appellant exited his vehicle at Morrell's request. When he did so, the officer
smelled a moderate odor of alcoholic beverage. Morrell did not administer field sobriety tests,
but watched a second officer do so. It was Morrell's opinion based on her observations that
appellant was intoxicated, "maybe not so much of alcohol but an unknown drug."

Austin Police Officer Laura Bowman arrived at the scene soon after appellant was
stopped. Bowman testified that appellant had needle puncture wounds on his arms and hands. 
Some of these wounds had clotted blood, indicating they were fresh. Bowman found a cold can
of beer in the bed of appellant's pickup. A horizontal gaze nystagmus test administered at the
scene indicated intoxication. Bowman did not perform additional sobriety tests beside the
highway because appellant "could not balance well enough in my opinion and he began drifting
off to sleep."

Bowman testified that at the police station following his arrest, appellant swayed
noticeably when he stood, could not stand on one leg without losing his balance, could not
perform the walk and turn test because he was unable to maintain the initial position, and touched
his nose with his finger only once in six attempts. Appellant's eyelids were droopy, his eyes were
bloodshot and watery, there was a marked reddening of the conjunctiva, and his pupils were
pinpoint and did not respond to light. Appellant's body temperature was 96.2, his blood pressure
was at the low end of normal, and his muscle tone was flaccid. Bowman testified that these
symptoms were indicators of the use of analgesic narcotics.

At this point in Bowman's testimony, appellant interjected, "I'd like to object at
this point if the witness is testifying about a scientific test . . . . I'm not certain . . . if she's
basing that on her own opinion or she's basing that on a scientific theory. If she's basing it on
a scientific theory, then I'm going to object. It's not admissible. They have to prove up the
theory, Your Honor." The court responded, "Uh-huh."

The State resumed its questioning of Officer Bowman by asking if she is a drug
recognition expert "trained in the detection of consumption of drugs." She answered
affirmatively, and said that the tests she performed were in accord with her training as a drug
recognition expert. She then repeated some of her earlier testimony regarding appellant's
symptoms, adding that appellant's teeth were rotting at the gum line, and that his nasal cavities
were red and hairless. These, too, she said, were typical of narcotics users. Bowman was then
asked if she had an opinion as to whether appellant was intoxicated. Appellant did not object to
the question, to which Bowman answered, "My opinion is that he was unable to operate a motor
vehicle safely as he was under the influence of drugs, and in my opinion, those drugs were under
the narcotic analgesic category."

After Bowman gave her opinion, appellant objected that "she's espousing things
from a scientific theory that has not been proven up." Appellant added, "[U]nder [Texas] Rules
of Evidence 702 and under Kelly v. State, [824 S.W.2d 568 (Tex. Crim. App. 1992)] . . . I don't
think the prosecution has proven up this theory that she seems to be relying on which she drew
the conclusion that my client was on some kind of narcotics." The State responded, "These were
tests that were administered in accordance with her training as a drug recognition expert." 
Appellant replied, "In my opinion, Your Honor, they have not met the criteria for proving up
scientific evidence." After the State urged that appellant's objection was too general, the court
overruled appellant's objection without comment.

In point of error one, appellant contends the State failed to establish that Officer
Bowman was qualified to testify as a drug recognition expert. Appellant further contends the State
failed to establish that drug recognition is an area of expertise on which an expert opinion may
be based. These contentions were not preserved for review. Error may not be predicated on a
ruling which admits evidence unless a substantial right of the party is affected and a timely
objection was made stating the specific ground of objection. See Tex. R. Evid. 103(a). The party
opposing admission of the evidence must pursue the objection to an adverse ruling. See Tex. R.
App. P. 33.1(a). Appellant did not timely object when Bowman first testified that he had the
symptoms of analgesic narcotic intoxication, and did not obtain an adverse ruling when the
objection was made. Later, he did not object when Bowman again was asked to give an opinion
regarding appellant's intoxication, but voiced his second objection only after the officer answered
the question. Neither objection, either expressly or by fair implication, challenged Bowman's
expertise in drug recognition, but merely complained that the State had not proved the scientific
theory applied by the witness.

Assuming the issue was preserved and that Bowman was not shown to be an expert,
admission of Bowman's opinion testimony did not affect appellant's substantial rights. See Tex.
R. Evid. 103(a); Tex. R. App. P. 44.2(b). "One need not be an expert in order to express an
opinion upon whether a person he observes is intoxicated or is sober." McNorton v. State, 338
S.W.2d 953, 954 (Tex. Crim. App. 1960). In a case having fewer supporting facts than this one,
this Court concluded that there was a rational basis to support a police officer's lay opinion that
the defendant was intoxicated. See State v. Welton, 774 S.W.2d 341, 343 (Tex. App.--Austin
1989, pet. ref'd); Tex. R. Evid. 701.

We do not understand appellant to argue that Bowman was unqualified to testify
that he was intoxicated, but only that she was unqualified to testify that he was intoxicated because
of narcotic use. While a layman might not be qualified to opine that appellant was intoxicated as
a result of using analgesic narcotics, a layman could reasonably infer from appellant's appearance,
physical condition, and behavior that he was intoxicated "by reason of the introduction of alcohol,
a controlled substance, a drug, [or] a combination of two or more of those substances into [his]
body" as alleged in the information. Finding no reversible error, we overrule point of error one.

Appellant's second point of error is that the evidence is factually insufficient to
sustain his conviction, but he argues that Bowman's opinion testimony was inadmissible and
should be disregarded, and that without this testimony the State's evidence is insufficient as a
matter of law. We will treat the point of error as a challenge to both the legal and factual
sufficiency of the evidence.

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
reviewing court must consider all the evidence, including evidence that was erroneously admitted. 
See Green v. State, 893 S.W.2d 536, 538 (Tex. Crim. App. 1995). Considering all the evidence
in the light most favorable to the finding of guilt, a rational trier of fact could find beyond a
reasonable doubt that appellant operated a motor vehicle in a public place while intoxicated. 

A factual sufficiency review asks whether a neutral review of all the evidence, both
for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or
so greatly outweighed by contrary proof as to undermine confidence in the factfinder's
determination. See Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9,
2000). When conducting a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict. Instead, all the evidence is considered equally, including the testimony
of defense witnesses and the existence of alternative hypotheses. See Orona v. State, 836 S.W.2d
319, 321 (Tex. App.--Austin 1992, no pet.). A verdict may be set aside only if a finding of guilt
beyond a reasonable doubt is clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd
as untimely filed).

Appellant testified that he was employed as a cook and that the marks on his arms
were not injection sites, but burn marks. He said he had consumed a few beers earlier that day,
but was not intoxicated at the time he was stopped by the police. He testified that he took a breath
alcohol test at the police station and was told he passed. He attributed his poor driving and
drowsiness to a lack of sleep. Appellant argues that the State's evidence does not overcome the
reasonable innocent hypothesis put forward in his own testimony.

We are not free to reweigh the evidence and set aside a verdict merely because we
feel that a different result is more reasonable. See Clewis, 922 S.W.2d at 135; Reina v. State, 940
S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must maintain appropriate deference
to the factfinder's verdict by finding error only when the record clearly indicates that the verdict
is wrong and manifestly unjust. See Johnson, slip op. at 13; Reina, 940 S.W.2d at 773. 
Considering all the evidence before us, including appellant's testimony, we conclude that the
court's finding of guilt was not so contrary to the great weight of the evidence as to be clearly
wrong or unjust. Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 13, 2000

Do Not Publish



dition, and behavior that he was intoxicated "by reason of the introduction of alcohol,
a controlled substance, a drug, [or] a combination of two or more of those substances into [his]
body" as alleged in the information. Finding no reversible error, we overrule point of error one.

Appellant's second point of error is that the evidence is factually insufficient to
sustain his conviction, but he argues that Bowman's opinion testimony was inadmissible and
should be disregarded, and that without this testimony the State's evidence is insufficient as a
matter of law. We will treat the point of error as a challenge to both the legal and factual
sufficiency of the evidence.

In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
reviewing court must consider all the evidence, including evidence that was erroneously admitted. 
See Green v. State, 893 S.W.2d 536, 538 (Tex. Crim. App. 1995). Considering all the evidence
in the light most favorable to the finding of guilt, a rational trier of fact could find beyond a
reasonable doubt that appellant operated a motor vehicle in a public place