NO. 07-02-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 23, 2003

_____

NICHOLAS ANTHONY CONNOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. TRN 9062416934; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]


**MEMORANDUM OPINION**


In this appeal, appellant challenges his conviction, after a guilty plea, of murder by

the use of a deadly weapon, and the resulting court-assessed punishment of 20 years

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

confinement in the Institutional Division of the Department of Criminal Justice. In doing so, he presents two issues for our decision. Those issues are: 1) the evidence is both legally and factually insufficient to sustain his conviction, and 2) the trial court erred in admitting his confession "because the issue of voluntariness precludes the trial court" from its admission. Disagreeing that reversal is required, we affirm the judgment of the trial court.

Because the issues are interrelated, we will discuss them together. In appeals in which both legal and factual sufficiency questions are presented, we must first determine if the evidence is legally sufficient to sustain the verdict. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). In determining the legal sufficiency of the evidence, we must view it in a light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). In making that determination, we consider all of the evidence presented, whether properly or improperly admitted, *Green v. State*, 893 S.W.2d 536, 640 (Tex. Crim. App.1991), and without examining the factfinder's weighing of the evidence, determine if there is evidence supporting the verdict. *Clewis*, 922 S.W.2d at 132 n.10. A sustention of the legal sufficiency challenge requires a judgment of acquittal.

In contrast, resolution of a factual sufficiency challenge requires the reviewing court to view all of the evidence in a neutral light, favoring neither party, *Johnson v. State*, 23

2

S.W.3d 1, 7 (Tex. Crim. App. 2000), and it may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129. Moreover, in conducting the review, the reviewing court must give appropriate weight to the factfinder's conclusion so as not to substantially intrude upon the factfinder's role as the sole judge of the weight and credibility given to witness testimony. *Jones v. State,* 944 S.W.2d 642, 647-48 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).

Where, as here, a defendant pleads guilty or *nolo contendere*, the State must introduce sufficient evidence to support the plea and show the defendant is guilty. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003). *See also Ex parte Martin*, 747 S.W.2d 789 (Tex. Crim. App. 1988). The evidence may be stipulated if the defendant in writing waives the appearance, confrontation, and cross-examination of witnesses and consents to the introduction of documentary evidence in support of the judgment. The waiver and consent must be approved by the trial court in writing and be filed with the papers of the cause. Tex. Code Crim. Proc. Ann. art. 1.15.

At the time of the hearing on his guilty plea, appellant admitted that he was entering his plea of his own free will after consultation with his attorney, he admitted that he understood the charge against him, the range of punishment attached to the crime and, even understanding these matters, he still persisted in continuing with the plea. This record is amply sufficient to show that all applicable statutory requirements in connection

3

with appellant's guilty plea were complied with. The evidence is both legally and factually sufficient to sustain the judgment of the trial court in all respects. *See Dinnery v. State*, 592 S.W.2 343 (Tex. Crim. App. 1980); *Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978); *Sexton v. State*, 476 S.W.2d 320 (Tex. Crim. App. 1972); and *Soto v. State*, 456 S.W.2d 389 (Tex. Crim. App. 1970).

Appellant's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.